## PIERCE v. EARLY.

1.  **Appeal:** DEFENSE NOT RAISED BELOW. An appellant cannot for the first time in this court insist upon a defense which should have been pleaded affirmatively in the court below.

2.  **Former Adjudication:** WHEN PARTIES NOT BOUND. Where certain parties to a cause have at the time no interest in a portion of the decree rendered therein, they are not in a subsequent action bound by such portion, even though they do not appeal therefrom; for they have no occasion to appeal.

*Appeal from Sac District Court.* — HON. J. H. MACOMBER, Judge.

FILED, JANUARY 30, 1890.

APPEAL by D. Carr Early from a judgment rendered against him, and in favor of A. B. Bruner and C. M. Wickersham. The material facts involved in the case are stated in the opinion.

*Breen & Duffie, James H. Tait* and *Cummins & Wright,* for appellant.

*Mason & Thomas,* for appellees.

ROBINSON, J.—In March, 1881, the defendant David Herrold made to plaintiff Daniel Pierce his promissory note for two thousand dollars, and to secure its payment executed a mortgage on four hundred acres of land in Sac county. His interest in three hundred and twenty acres of the land was derived by warranty deed from defendant Early. Herrold executed to defendant James F. Wickersham a warranty deed for the mortgaged premises. In March, 1883, Wickersham executed to defendant A. B. Bruner a warranty deed for one hundred and sixty acres of the land which had been deeded by Early. The title of Early was acquired by tax deed, and was held to be defective in *Barke v. Early,* 72 Iowa, 274, and was set aside upon condition that the taxes paid by Early, and interest thereon, be refunded to him. In January, 1887, Pierce filed his petition in the court below, making the persons hereinafter named, and other, parties defendants, demanding judgment for the amount due on the Herrold note, and asking the foreclosure of the mortgage. The petition alleged the failure of the Early title; that the consideration paid Early by Herrold was one thousand and sixty dollars, and asked for judgment against Early for that amount, with interest thereon from March 21, 1881, in case the amount found to be due Early by virtue of the decree in the *Barke case* was paid; and that the amount so paid, if any, be applied, so far as necessary, in paying the amount

due on the note in suit.   On the twenty-eighth day
of September, 1887, Herrold, J. F. Wickersham and
Bruner were adjudged in default for want of appearance
and answer, and a decree was rendered in favor of Pierce
for $2,555.60, and attorney's fee and costs, and foreclosing
the mortgage absolutely as to the eighty-acre tract not
derived from Early, and ordering the sale of all the
premises mortgaged, if the taxes paid by Early were not
refunded, as provided in the *Barke* decree; but pro-
viding that, in case the amount due Early should be paid
into court, then that the clerk of the court should pay
it to Pierce.   From so much of that decree as ordered
the amount paid into court, on account of the taxes paid
by Early, to be applied in payment of the amount due
Pierce, Early served a notice of appeal on the nineteenth
day of December, 1887.   On the second day of Decem-
ber, 1887, the parties in interest appeared in court, and
a supplemental decree was rendered.   That recited the
conveyance from Early ; the failure of his title; that the
amount due from Early on his covenants of title was
fourteen hundred and seventy-four dollars; that there
was a difference of opinion among the parties to the suit
as to who was entitled to that amount; and that Early
claimed that he was entitled to credit thereon for the
amount of taxes he had paid.   It ordered that Early
pay into court the said amount of fourteen hundred and
seventy-four dollars, and that it be held subject to the
further order of the court.   On the fifth day of Decem-
ber, 1887, defendants Bruner and C. M. Wickersham
filed a petition, alleging that J. F. Wickersham had
assigned to said C. M. Wickersham his claim and right
of action on the covenants in the Early deed; that C. M.
Wickersham was entitled to three-fifths and Bruner to
two-fifths of the fourteen hundred and seventy-four
dollars due from Early; and alleging that the amount
due Pierce had been fully paid.   Judgment was
demanded in favor of petitioners for the said amount,
in the proportions named.   Early filed an answer.   A
trial was had, and a decree rendered finding that Early

was entitled to a credit on the amount due on his cov-
enants of warranty, for the sum of $864.82, and that it
had been paid into court, and applied in payment of the
Pierce mortgage.    The decree provided for the recovery
by Bruner and C. M. Wickersham of the remainder of
the fourteen hundred and seventy-four dollars, after
allowing the credit aforesaid.    From that decree the
parties last named appealed, and the decree was reversed
by this court in *Pierce v. Herrold,* 75 Iowa, 505.   At-
the November term, 1888, of the court below, Pierce and
Early appeared.    C. M. Wickersham and Bruner filed
a motion for a decree in harmony with the opinion of
this court, but we find no ruling thereon.    Pierce filed
an answer, which alleged, among other matters, that the
decree rendered in his favor had been satisfied; that the
$864.82 paid into court on account of the taxes due
Early had been used in making such satisfaction; that
Early had appealed from so much of the decree as had
provided for payment of the money due him on the
decree; that the appeal had not been determined; and
that, in case it was decided in favor of Early, Pierce
would have to refund the amount to the clerk.    He
therefore asked that no order be made until such appeal
should be determined, and that, if an order is made, it
should require the money owing by Early to be kept in
court pending the determination of his appeal.    Early
filed an amendment to his former answer, the contents
of which we need not set out, and asked for a delay in
disposing of the money due from him until his appeal
should be determined.    Replies to the answers of Pierce
and Early were filed, and, the cause having been sub-
mitted, a decree was rendered against Early in favor of
Bruner for $629.42, and in favor of C. M. Wickersham
for $944.13.

I.   Appellant contends that Bruner and Wickersham
have failed to show themselves entitled to judgment
against him for any sum, for that it is not
shown that he was not released from his
covenants previous to the execution of the
deed from Herrold to J. F. Wickersham, and it is not

1. APPEAL: de-
fense not
raised below.

Pierce v. Early.

shown that Herrold had not paid to appellees the damages they sustained by the failure of his title. The decree of December 3, 1887, determined that Early was liable on the covenants of his deed, fixed the amount of his liability, and required him to pay that amount into court for future disposition. No appeal having been taken from that decree, it is final. Early's liability to some one on his covenants of warranty does not seem to have been questioned in the court below. If he had been released by payment made by his grantees or otherwise, that fact, under the circumstances of this case, should have been pleaded affirmatively as a defense. The evidence shows that, unless there has been a discharge of appellant's liability, appellees are entitled to recover of him something by reason of the covenants of his deed, and of others in their chain of title. We are satisfied that the question now presented by counsel is raised for the first time in this court, and that it is without substantial merit.

II. The evidence shows that the sum of $864.82 was paid into the court below as money to which Early was entitled by reason of taxes paid by himself and others, and that it was paid to Pierce on account of the decree in his favor. It is insisted with much earnestness by counsel for appellant that an order to which appellees were parties having been made for the use of the money in the way in which it was applied, and appellees not having appealed from that order, and money of Early having been used as directed by the order, Early should be credited with the amount so used; that his liability on the covenants of his deed amounted to but $1,573.55 when the decree in the court below was rendered, but, notwithstanding that fact, the effect of the two decrees is to compel him to pay $2,438.37. It was decided in *Pierce v. Herrold*, 75 Iowa, 505, that Early was not entitled to have the amount due him for taxes paid, deducted from the sum due appellees. While it is true that appellees were parties to the decree of September

*2. FORMER adjudication: when parties not bound.*

28, 1887, it is also true that, under the decision last cited, they had no interest in the amount due Early, and as to that they were not affected by the decree, and had no occasion to take an appeal. In fact, counsel for appellant argue with much ability that Early should not have made them parties to his appeal, for the reason that they had no interest in any matter involved in it. If that be true, it follows that they lost no rights by not appealing. The decree in question did not purport to dispose of money due from Early on his covenants, upon which appellees rely. If it was erroneous, Early was entitled to have it corrected by pursuing the remedy provided by law, and he, and not appellees, should suffer if for any reason the error is not corrected.

III. Other questions discussed by counsel are disposed of by what we have already said, or are not of sufficient importance to be separately mentioned. It is sufficient to say that we are satisfied that the decree of the district court is in harmony with the law and the facts of the case. It is therefore

AFFIRMED.