QUINN v. THE CAPITAL INSURANCE CO.

1. **Fire Insurance:** PREMATURE ACTION ON POLICY: STATUTE. Under Chap. 211, Laws of 1880, an action cannot be begun upon a policy of fire insurance within ninety days after notice of loss has been given, even though the company may before that time declare absolutely that it will not pay the loss; the effect of the statute being to declare that the loss is not due until the expiration of that time.

*Appeal from Lee Circuit Court.*

WEDNESDAY, JUNE 8.

ACTION on a policy of insurance against loss or damage by fire. There was a verdict and judgment for the plaintiff, and the defendant appeals.

*Conrad & Campbell,* for appellant.

*Frank Allyn,* for appellee.

SEEVERS, J.—Counsel for the appellant insist that the judgment of the circuit court should be reversed on three grounds. It seems to us that the special findings of the jury preclude us from considering the first two grounds, and the third is that the action was prematurely brought. This ground is based upon the statute which declares that no action on a policy of insurance "shall be begun within ninety days after notice of the loss has been given." Laws 1880, c. 211; Miller's Code 1880, p. 299. . It is conceded that this action was commenced before the expiration of ninety days after the notice of the loss was given. The court instructed the jury as follows: "There is a provision of the statute prohibiting suits of this kind until ninety days after the proof of loss; and, in the absence of any excuse for so doing, a suit cannot be maintained within that time; but if a company has absolutely refused to pay a loss, and informs a policy-holder, or its representatives, that it will stand a suit, and will not pay, or the like, then the law does not require a needless delay, and the policy-holder

may at once sue, if it is perfectly clear that the company does not intend to pay, and proposes to contest."

It will be observed that the statute is clear and explicit, and contains no exception whatever, and yet the instruction ingrafts on or injects into it a very important exception or qualification; and, in so doing, we think the court erred In a statutory sense, the money was not due on the policy until the expiration of the period named therein. The holder of the policy could not lawfully demand payment until that time had elapsed after the notice had been given. If the maker of a promissory note not due should positively declare and state that he would not pay it when due, this would not authorize the holder to bring an action on it prior to the maturity of the note. The same rule must prevail in the present case. The defendant might conclude to pay, but whether it did or not is immaterial, for the reason that the loss was not due and payable to the plaintiff until the expiration of ninety days after the notice of the loss was given, and therefore the court erred in giving the foregoing instruction. REVERSED.