## VON GENECHTIN V. THE CITIZENS' INSURANCE COMPANY.

1. **Fire Insurance**: ACTION ON POLICY: PLEADING: PROOFS OF LOSS: WAIVER. A petition in an action upon a policy of fire insurance, which shows that proofs of loss were not made within the time and in the manner required by the policy and by section 3, chapter 211, Laws of 1880, and which fails to state facts showing a waiver of such proofs, is bad on demurrer.

2. —— : —— : —— : PREMATURE ACTION. A petition in such case is bad on demurrer when it does not show the lapse of time required by the policy for the maturity of the claim, nor that required by the statute (sec. 3, chap. 211, Laws of 1880), before the action can be commenced.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, OCTOBER 19, 1888.

ACTION on a policy of insurance to recover for a loss by fire. A demurrer to the petition was overruled. Defendant electing to stand on its demurrer, judgment was rendered in favor of plaintiff for $470.44 and costs. The defendant appeals.

*Hurley & Hale*, for appellant.

*D. N. Sprague*, for appellee.

ROBINSON, J.—The pleadings show that on the first day of August, 1886, defendant executed the policy in suit; thereby insuring plaintiff against loss by fire on his building to the amount of five hundred dollars. In February, 1887, the building was injured by fire; and the loss, amounting to $29.56, was promptly paid. On the fifteenth of May, 1887, the building was destroyed by fire to the damage of plaintiff in the sum of $470.44. On the next day after the fire plaintiff caused a letter to

be written to the agents of defendant who procured the insurance, and who caused an adjustment of the February loss, stating that the property had been destroyed by fire and was a total loss. On the day after this letter was written the agents aforesaid went to plaintiff to inquire about the loss, and informed him that it would be adjusted. A short time after this, and within thirty days of the date of the fire, said agents assured plaintiff that his loss would be paid. On the eleventh day of June, 1887, said agents advised plaintiff to sell his homestead real estate, and pay certain claims on account of which defendant had been garnished, alleging that defendant would pay his loss. That shortly after this, and within sixty days of the time of the fire, the defendant's adjuster came to pay the loss; but, on seeing the policy, refused to pay it. On the twenty-seventh day of August, 1887, proof of loss was sent to the secretary at Pittsburgh, with the request that, if further proof was desired, that fact should be indicated. It is not shown whether this proof was verified, nor how it was sent. The receipt of the proofs was never acknowledged.

I.  The first ground of the demurrer was as follows: "The petition  *  *  *  shows that no written proof of loss, accompanied by affidavit of facts and extent of loss, was given to defendant within the time required by law and the conditions of the policy sued on." The conditions of the policy referred to require that, where a loss has occurred, the assured shall give to defendant immediate notice of the fact; and that as soon as possible after the fire a particular statement of the loss, under oath, showing the facts in regard to the fire, the title of the assured to the property insured and other facts, be rendered to defendant. We are of the opinion that the duties of plaintiff in regard to notice and proof of loss are regulated by section 3, of chapter 211, of the Acts of the Eighteenth General Assembly. By the provisions of that section it was only necessary for

1. FIRE insurance: action on policy: pleading: proofs of loss: waiver.

plaintiff to prove the loss of the building; that he had given defendant notice in writing of the loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they are within his knowledge, and the extent of the loss; and that such notice was given within sixty days from the time the loss occurred. It being necessary to prove these facts, they should have been averred. The petition shows affirmatively that the proof of loss was not given within the time required by statute. The conditions of the policy do not extend the statutory time, but attempt to restrict it. It is claimed by appellee that the acts of the agents of defendant had the effect to waive the conditions of the policy and the requirements of the statute. But the petition fails to show any fact from which a waiver may be presumed. It is not shown that the agents who procured the insurance had any authority to bind the defendant in the matter of adjusting the loss or agreeing to pay it. The fact that they "caused an adjustment" of the February loss shows nothing as to their authority. The petition does not allege in terms nor in effect that these soliciting agents had any authority to obligate the defendant to adjust or pay the loss. The fact that an adjuster was sent to inquire into the matter tends to show that the soliciting agents had no authority as adjusters. But it is not shown that proof of loss was waived by the adjuster, nor that the soliciting agents attempted to waive it. Therefore plaintiff omitted to furnish it at his peril. Plaintiff not only failed to comply with the conditions of the policy and the statute as to time within which to furnish proof of loss, but he fails to show that the proof furnished was under oath. In our opinion, the first ground of the demurrer was well taken.

II. The second ground of the demurrer is that the action was commenced prematurely. The petition shows that proof of loss was made August 27, 1887, and sent to Pittsburgh. It does not show that it was ever received by defendant. The petition was filed October 7, 1887. The policy in suit provides that the claim for loss thereunder shall not

2. ——: ——:
——: prema-
ture action.

be due and payable until sixty days after the full completion of all the requirements therein contained. One of these requirements was that a statement of the loss should be rendered to the company, which should be signed and sworn to by plaintiff, and should show his knowledge as to the origin and circumstances of the fire, and other facts. The statute already cited provides that no action shall be begun within ninety days after notice of the loss has been given. The notice required by the statute we think includes the affidavit showing the facts in regard to the loss which must accompany it. Therefore we conclude that the petition does not show the lapse of time required by the policy for the maturity of the claim, nor that required by statute before the action can be commenced; and that the second ground of the demurrer was well taken. Sec. 3, chapter 211, Acts 18th Gen. Assem.; *Quinn v. Capital Ins. Co.,* 71 Iowa, 615. We find it unnecessary to determine the sufficiency of the remaining ground of the demurrer. For the error of the court below in overruling the demurrer its judgment is · REVERSED.