VORE v. THE HAWKEYE INSURANCE COMPANY.

1. **Insurance :** PREMATURE ACTION ON POLICY : RIGHT TO OBJECT. In an action upon an insurance policy, defendant answered that the action was commenced within ninety days after notice of loss was given, which is forbidden by section 3, chapter 211, Laws of 1880. The policy provided that the contract of insurance was wholly embraced in the policy and application. *Held* that this provision did not deprive the defendant of the right to object to the action as being premature under the statute.

2. ———: ———: WAIVER OF RIGHT TO OBJECT. In such case the defendant did not waive its right to object to the action as premature by receiving proofs of loss and thereafter declaring the policy to be void.

3. ———: ———: RIGHT TO OBJECT: ESTOPPEL. In such case the defendant was not estopped to claim the benefit of the statute because the time for bringing the action, as limited by the policy, had expired, so that a new action could not be brought.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, JANUARY 19, 1889.

ACTION on a policy of insurance. A demurrer to the reply of plaintiff to defendant's answer was sustained, and, plaintiff standing upon his pleading, judgment was rendered against him, from which he appeals.

*S. H. Cochran*, for appellant.

*Geo. R. Sanderson*, for appellee.

BECK, J.—I. The defendant in an amended answer alleges, in effect, that the action was commenced within

1. INSURANCE: premature action on policy: right to object.

ninety days after notice of loss was given; which is forbidden by chapter 211, section 3, Acts Eighteenth General Assembly. To this answer plaintiff replied, alleging that the provisions of the statute were eliminated from the policy by the policy itself, which provides that the contract of insurance is wholly embraced in the policy and application of the assured, and that defendant had waived the condition of the statute by receiving proofs of loss, and thereafter declaring that the policy is void. A demurrer to this reply was, we think, rightly sustained. The statute (see Miller's Code, p. 299) provides "that no action shall be begun within ninety days after notice of such loss has been given. All the provisions of this chapter shall apply to and govern all contracts and policies of insurance contemplated in this chapter, anything in the

policy or contract to the contrary notwithstanding."
It will be observed that the provision limiting the time
of the commencement of the action does not enter into
or affect the contract. It simply limits the remedy,
requiring the action to be commenced not sooner than
ninety days after notice is given. Now, the contract does
not control the remedy, as prescribed by the statute,
for the reason that the provision as to the remedy is no
part of the contract; it is in the nature of a statutory
limitation of the action. It is therefore not eliminated
by the contract.

II. The receiving of proofs of loss, and claiming
that the policy is void, cannot be regarded as a waiver
2. ——: ——: of the statute prescribing the time within
waiver of
right to ob-   which actions shall be brought. It cannot
ject.          be doubted that defendant could have
waived many, if not all, the provisions of the policy,
and it may be that it could have waived the provision
of the statute as to the time of commencing an action.
But the facts alleged in reply, that defendant had
received proofs of loss, and claimed that the policy is
void, cannot be regarded as acts waiving the conditions
of the policy or the provision of the statute. The
receiving of the proofs was done in discharge of a duty
imposed by the statute and the policy. The plaintiff is
required to submit to defendant the proofs. Of course,
it is the duty of the defendant to receive them. Surely
the denial of liability on the policy cannot be regarded
as a waiver of the conditions imposed by the statute.
By neither of these acts did defendants give any intima-
tion that it would not claim the benefit of the condition
of the statute in question. There is nothing therein
tending to establish a waiver.

III. But counsel for plaintiff insists that defendant
is estopped to claim the benefit of the statute, for the
3. ——: ——: reason that the time for bringing the action,
right to ob-
ject: estoppel. as limited by the policy, has expired, so
that, if the demurrer of defendant to plaintiff's reply
be sustained, a new action cannot be brought. Counsel
for plaintiff insists that defendant, by denying the

validity of the policy—and probably by other acts—is estopped to set up this provision of the policy as to the time of the commencement of the action. But there is no element of estoppel in the transaction. Defendant did nothing inducing plaintiff to bring his action too soon. Nor has it done any act which could have induced the belief of plaintiff that it would not rely upon, and urge in its own behalf, any or all defenses arising upon the facts of the case. The foregoing discussion disposes of all questions in the case. The judgment of the district court is

AFFIRMED.