SARAH CHRISTIE, Appellee, v. LIFE INDEMNITY AND INVESTMENT COMPANY *et al.*,
Appellants.

1.  **Appeal:** NOTICE: PARTIES.  Where a defendant in a cause on behalf of one not a party thereto asked certain relief in respect to the subject of the action, which was granted, *held*, that the person whose rights were thus secured was not such a party to the action as to require service upon him of the notice of appeal.

2.  **Mutual-Benefit Insurance:** CAUSE OF ACTION: ABATEMENT. Where a certificate in a mutual-benefit association provided for the payment to the beneficiary of the proceeds of an assessment upon its members "within ninety days from the date of the receipt of the proofs of loss," *held*, that by reason of the terms of the certificate, and because of the provisions of chapter 211 of the Acts of the Eighteenth General Assembly no cause of action accrued upon said certificate until after ninety days from the service of notice of the proofs of loss.

3.  **Constitutional Law:** TITLE OF LEGISLATIVE ENACTMENTS. Chapter 211 of the Acts of the Eighteenth General Assembly, entitled "An act relating to insurance and fire insurance companies," and providing, with certain provisions for the regulation of

insurance companies, that, after proof of loss under a policy of insurance, "no action shall be begun within ninety days after notice of such has been given," is not unconstitutional because the above limitation as to actions upon insurance policies is not expressed in the title.

4. ———: ACTS OF LEGISLATURE : SUBJECTS EMBRACED THEREIN. An act of the legislature, which in addition to certain provisions upon the subject of insurance, as expressed in the title, includes such provisions in respect to the procedure of the courts in cases arising thereunder as are necessary to render the legislation upon that subject effectual, is not unconstitutional as embracing more than one subject.

5. ———: CLASS LEGISLATION. The act above cited is not unconstitutional as exempting insurance companies as a class from liability to suit for ninety days after their obligations become due.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

TUESDAY, FEBRUARY 10, 1891.

THE plaintiff was the mother of Ira Christie, who died on the seventh day of September, 1886, in California. On the eighth day of February, 1884, Ira Christie became a member of the defendant association, and received therefrom a beneficiary certificate, by the terms of which, at his death, the beneficiary therein named ( being the plaintiff ) should receive, as a result of assessments to be made on the members of the association, an amount not to exceed twenty-five hundred dollars, upon condition that the said Ira Christie should, during his lifetime, pay to the said association, in the manner and within the time specified by its by-laws, certain assessments. The petition alleges a compliance of Ira Christie with the conditions of the certificate on his part, and asks that a writ of *mandamus* issue to compel defendant association to make the assignments and payments, as required by the terms of the certificate. Defendant Mabie is secretary of the association, and is charged by its by-laws with the duty of making assessments. The answer, by denials and affirmative

allegations, also denied, put in issue the validity of the beneficiary certificate, because of, among other reasons, a failure to pay assessments as required thereby.

The defendants filed a pleading as follows: "And now come the defendants, and for an amendment of their said answer herein, by leave of court first had and obtained, allege, first, that on or about the seventh day of September, A. D. 1886, the plaintiff, for a valuable consideration, sold and assigned to one M. W. McGee, of California, the claim sued on herein, to the extent and amount of the sum of two hundred and fifty dollars, and on said day executed a written assignment thereof to, and delivered the same to, said McGee, with directions therein to the defendant company to pay so much of said claim, whenever the said defendant should pay the same, to said McGee, and that at or about the said time said McGee duly notified this defendant association of said assignment, and forwarded the same to this defendant. Wherefore, defendants ask that the rights of said McGee may be properly protected by this court." The pleading, containing other amendments, is signed by the defendants' attorney. The pleading was not denied, and on the trial the defendants put in evidence the following:

"PASADENA, CAL., September 7, A. D. 1886.
"*To the Union Mutual Aid Association of Waterloo, Iowa:*

"You will please take notice of the death of Ira Christie, my son, who held policy, number 6,699 in your company, He died to-day, and I have been compelled to borrow two hundred and fifty dollars of M. W. McGee of Pasadena, California, to pay funeral expenses. You will, therefore, charge the policy, which is payable to me, the sum above set forth, and retain that amount and pay it to M. W. McGee, of Pasadena, California, and this shall be your receipt for the same. Witness whereof I have hereunto set my hand and seal this seventh day of September, 1886.

"SARAH CHRISTIE    [L. S.]
"Witness: M. W. McGEE."

The decree of the district court is that the assessments be made and collected as prayed by the plaintiff, and that out of the amount so realized by said assessments the defendant company pay to the plaintiff an amount equal to twenty-two hundred and fifty dollars, and pay to M. W. McGee the sum of two hundred and fifty dollars, and provides for costs. The defendants appeal.—*Reversed.*

*Alford & Gates* and *C. W. Mullen,* for appellants.

*W. H. Stivers,* for appellee.

GRANGER, J.—I.   No notice of appeal has been served on M. W. McGee, and the appellee insists that 

**1. APPEAL: notice: parties.** the appeal must be dismissed because of such failure.   The appellants contend, in this connection, that McGee was not a party to the suit; did not appear; nor is there a judgment in his favor.   A majority of the members of the court think that McGee is not a party to the suit in the sense that he is entitled to a notice of appeal.   The writer entertains a different view, and thinks that, inasmuch as the defendants, by pleading and proof, invoked the action of the court in favor of McGee, he is before us as a judgment creditor, and, hence, a party to the record adverse to the defendants; and, as the appeal seeks to avoid the judgment in his favor, he is entitled to notice under the provisions of Code, section 3178.   It follows that the appeal is not to be dismissed.

II.   This action was commenced on the twenty-second day of August, 1888.   A notice and proof of the 

**2. MUTUAL-benefit insurance: cause of action: abatement.** death of Ira Christie was presented to the defendant company on the fifteenth day of August, 1888.   The appellants pleaded in their answer, and contend, that nothing was due on the certificate at the commencement of the suit, and that it must be abated.   The benefit of the certificate was to be paid from money realized from assessments upon

the members of the association, and the by-laws provide: "The proceeds of such assessments, not exceeding the sum of twenty-five hundred dollars, shall be paid to the beneficiary mentioned in the certificate within ninety days from the date of the receipt of said proofs of death." Chapter 211 of the Acts of the Eighteenth General Assembly provides for a notice and proof of loss by affidavits, in case of loss under policies of insurance, and that no action shall be begun within ninety days after such notice has been given. In *Cook v. Ass'n*, 74 Iowa, 746, it is held that the act applies to life, as well as fire, insurance. In the case of *Quinn v. Ins. Co.*, 71 Iowa, 615, in construing the same act, it was held that "the money was not due on the policy until the expiration of the period named" in the act.

III. The appellee urges that the above act is unconstitutional on several grounds, and among them

3. CONSTITUTIONAL law: title of legislative enactments.

that the subject is not properly expressed in the title. Section 29 of article 3 of the constitution provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The title of the act is, "An act relating to insurance and fire-insurance companies." The objection to the title is that it relates "to procedure of courts of original jurisdiction," "to the time of commencement of civil actions," and "to the limitation of actions." The subject of the act is, "insurance and fire-insurance companies." The act in all its parts certainly relates to the subject. The first section provides that any person soliciting or procuring applications for insurance shall be the soliciting agent for the company or association; the second, that such companies shall attach to their policies the application or representations of the assured, and provides consequences for a failure so to do; and the third, that the policy shall be *prima facie* evidence of the insurable value of the property at the date of the policy, and what it shall be necessary for the assured to do to recover on the policy, and, among other acts, he must give notice in writing

of the loss, accompanied by an affidavit stating the
facts; and provides "that no action shall be begun
within ninety days after notice of such has been given."
These are "matters properly connected" with the sub-
ject expressed in the title. It is not enough to say that
some provisions of the act might furnish a subject for
another act, for to so hold would practically require
the act, instead of its subject, to be expressed in the
title. It is true that "procedure of courts," "the time
of commencing actions" and "limitation of actions" are
legislative subjects in the Code; but that fact does not
prove that they may not be properly connected with
other legislative subjects, so as to be vulnerable to con-
stitutional objections, where not particularly expressed
in the title of an act. Our attention is called to no
authority to sustain appellee's position.

IV.   It is also urged that the act is unconstitutional
because it embraces "more than one subject," in that,

4. ——: acts of    besides the subject expressed in the title is
legislature:     that of " the law of procedure of courts of
subjects em-
braced therein.  original jurisdiction." It is not true that
an act may not embrace more than one subject. *State
v. Shraeder*, 51 Iowa, 197. The act shall embrace but
one subject, and matters properly connected therewith.
The act, in so far as it regulates the procedure of the
courts, is necessary to render effectual the legislation
on the subject expressed in the title, and, hence, is
properly connected therewith.

V.   It is further said that the act is unconstitu-
tional because it grants to one class of citizens privi-

5. ——: class    leges and immunities which, upon the same
legislation.     terms, do not belong to all citizens; the
thought being that insurance companies, as a class, are
exempt from liability to suit for ninety days after their
obligations are due. In *Quinn v. Ins. Co.*, it is said:
" In a statutory sense, the money was not due on the
policy until the expiration of the period named therein."
Hence the money, in this case, was not due until the
expiration of the ninety days. But it may be said the
act extends the time for the maturity of the claims, and

the effect is the same. But we know of no citizens who, on the same terms, are not alike affected by the act. It is not the design or effect of the act to grant privileges or immunities; but, because of the character of the contract, time being so often a necessity after notice is given for a proper adjustment, the purpose of that provision of the act is to prevent untimely and unnecessary litigation. It may further be said that the by-laws of the society, which form a part of the contract of insurance, fix the same time for the maturity of the claim. We think the suit was prematurely instituted, and must be abated.

Many other questions are in the record, which it would be important to consider if the cause was to be remanded for another trial, but, as it is to be dismissed, they do not demand our consideration. REVERSED.