J. F. WILHELMI, Appellee, v. DES MOINES INSURANCE COMPANY, Appellant.

1. **Fire Insurance**: LOSS: ACTION PREMATURELY BROUGHT. Where, upon verbal notice to an insurance company of a loss under a policy, the company sent its agent to examine and report concerning the loss, and upon the next day the company's officers had a conversation with the insured touching the fire and the loss sustained, at which time the insured furnished the company with a partial invoice of the goods destroyed, and afterwards, at the request of the company, a complete invoice thereof was furnished by the insured, and the company then waived further proofs of loss, *held*, that an action commenced on said policy ninety-five days after said first notice of loss to the company, but only eighty-three days after supplying the last invoice, and the waiver of further proofs of loss, was prematurely brought, within the meaning of section 3, chapter 211 of Acts of the Eighteenth General Assembly, providing that no action shall be begun upon a policy of insurance within ninety days after notice of loss has been given; and that this was so, notwithstanding the fact that by the terms of said policy any loss thereunder was payable within sixty days after proofs thereof had been received.

2. ———: ———: ———: CONSTRUCTION OF STATUTE. The above statute is applicable to all losses by fire, whether of buildings or of personal property.

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

FRIDAY, OCTOBER 14, 1892.

ACTION on a policy of insurance, to which there was a defense that the action was prematurely brought, and that the insured violated certain conditions of the policy. There was a trial to the court without a jury, and a judgment for the plaintiff. The defendant appeals.

This action is based upon a policy of insurance executed by the defendant, and covering a stock of goods of the plaintiff. The necessary averments are made in the petition and amendment thereto, and attached to it was a copy of the policy, which contains the following provisions: "The amount of loss or damages, to be paid within sixty days after the proofs of the same, as required herein, shall have been made by the assured, and received by the company, unless the property be replaced by the company, the company reserving the right to rebuild, repair, or replace the property damaged or destroyed, on giving notice of its intention so to do within sixty days after the filing of the required proofs of loss. In case of loss or damage by fire the assured shall forthwith give written notice thereof to the company, and shall use all practicable means to save and protect property not destroyed, and within thirty days render account of the loss, signed and sworn to, stating how the fire originated. It is hereby covenanted and agreed that no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, unless commenced within six months next ensuing after the fire, exclusive of any time consumed in arbitration." The property insured was destroyed by fire September 22, 1889. The plaintiff verbally notified the defendant of the loss the same day, and an employee of the defendant was at once sent to examine and report upon the loss. It seems from the evidence that the next day after the fire the plaintiff and the defendant's officers had a conversation regarding the fire, when the

defendant's officers asked the assured some questions touching the loss. He then furnished the defendant with some duplicate bills of the goods destroyed, and was requested to procure duplicate bills for all the goods he had brought which were burned. October 4, 1889, the plaintiff filed with the defendant an invoice of the goods destroyed, which was signed, but not sworn to. He was examined with reference thereto, and the company waived any other or further notice and proofs of loss. December 26, 1889, this action was commenced.—*Reversed*.

*Cole, McVey & Cheshire*, for appellant.

*Gatch, Connor & Weaver* and *E. W. Tatlock*, for appellee.

KINNE, J.—I. It is insisted by the appellant that this action was prematurely brought. It will be observed that the proofs of loss were furnished October 4, 1889, and the action begun more than sixty and less than ninety days thereafter. Our statute provides (McClain's Code, section 1734) "that no action shall be begun within ninety days after notice of such [loss] has been given." It is clear that the notice of the fire given on September 22, 1889, was not the notice contemplated by the statute, from which the ninety day period would begin to run. It has been held that the statutory notice "includes the affidavit showing the facts in regard to the loss which must accompany it." *Von Genechtin v. Citizens' Insurance Co.*, 75 Iowa, 546. In the case at bar it is true it is conceded that there was "a waiver of some of the formalities in the proof required by the statute, but this waiver occurred on October 4, 1889."

It was held in *Quinn v. Capital Insurance Co.*, 71 Iowa, 615, that, "in a statutory sense, the money

*Margin note:* 1. FIRE insurance: loss: action prematurely brought.

was not due on the policy until the expiration of the period named therein. The holder of the policy could not lawfully demand payment until that time had elapsed after notice had been given." *Von Genechtin v. Citizens' Insurance Co.*, 75 Iowa, 546. In *Vore v. Hawkeye Insurance Co.*, 76 Iowa, 548, where it was claimed that the provisions of the statute were eliminated from the policy by the policy itself, which provided, "that the contract of insurance is wholly embraced in the policy and application of the assured, and that the defendant had waived the conditions of the statute by receiving proofs of loss, and thereafter declaring that the policy is void." The court held that the statutory provision as to the time of the commencement of the action did not enter into or affect the contract, but limited the remedy, and that hence the contract did not control the remedy, as provided by the statute. In *Taylor v. Merchants' & Bankers' Ins. Co.*, 83 Iowa 402, where the policy provided that the amount of loss should be paid within sixty days after notice and proof, and the action was begun after the expiration of that period, but before ninety days expired, it was held that the action was prematurely brought. It will be observed that the question presented is by no means an open one in this state. Whatever may be the rule as to the power of the company to waive formal notice and proof of loss, as required by the statute, the question of their right to waive the provisions of the statute, prohibiting the commencement of an action prior to the expiration of ninety days after notice and proofs of loss are given, must be regarded as settled. The action in this case was prematurely brought.

II. It is contended that the statute only applies to buildings. The statute expressly states that "all the

2. ──: ──: ──: construction of statute.

provisions of this chapter shall apply to and govern all contracts and policies of insurance contemplated in this chapter, anything in the

policy or contract to the contrary notwithstanding. In view of this provision and the reading of the section of the statute under consideration, it cannot be doubted that the legislature intended by the language used to embrace all losses, whether of buildings or of personal property. Indeed, no good reason can be given why the prohibition against bringing suit until after the time fixed by statute should apply in case of losses on buildings, and not in case of losses of personal property. Inasmuch as such a distinction does not appear in the act, we cannot presume that the lawmaking power intended to include the one class of property in, and exclude the other from, its operation.

III. The appellant claims that the provisions of the policy were violated by the keeping of gasoline upon the insured premises. We do not find that this question was raised by the issues presented to the district court, and hence cannot consider it. *Lower v. Lower*, 46 Iowa, 525; *Barlow v. Brock*, 25 Iowa, 310; *Pierce v. Early*, 79 Iowa, 199; *Beard v. St. Louis, A. & T. H. Railway Co.*, 79 Iowa, 527.

The judgment of the district court is REVERSED.