## HARRISON v. HARTFORD FIRE INS. CO.

(Circuit Court, S. D. Iowa, E. D. January 27, 1894.)

1. INSURANCE—PREMATURITY OF SUIT.

Where a suit against a fire insurance company was commenced within 90 days after a waiver of proofs of loss, it will be held to be premature, and the court without jurisdiction, under the statutes of Iowa, which provide that no suit shall be begun against an insurance company within 90 days after proofs of loss have been furnished.

2. SAME—AN APPRAISEMENT AND AWARD NOT A CONDITION PRECEDENT.

Where an insurance policy provided that, in event of a disagreement as to the amount of the loss, two competent appraisers should be chosen, each party selecting one, and the two so chosen shall first select a competent umpire, and that an award in writing of any two shall determine the amount of said loss, and that no suit or action on the policy for the recovery of any claim shall be sustainable in any court of law or equity until after a full compliance by the assured with the foregoing requirements; and when the agreement for submission to appraisers provided that two persons, naming them, should act as appraisers, together with a third person to be appointed by them, if necessary to decide upon matters of difference only, and there is no evidence of any disagreement,—held, that, such submission not being in accordance with the terms of the policy, and there being no evidence of disagreement, the appraisement and award is not a condition precedent to maintaining suit.

3. SAME—EFFECT OF ENTERING INTO AN AGREEMENT TO APPRAISE.

Where a policy of insurance provided as above stated, and the parties, in accordance therewith, voluntarily entered into a contract of appraisement, and appraisers were chosen by the parties, and duly qualified and entered upon the discharge of their duties, and, while such appraisers were endeavoring to comply with the conditions of the agreement for submission, a suit is brought by the assured, quaere, whether such agreement and part performance thereof will prevent the plaintiff from maintaining suit, or whether a suit, if begun, would be stayed until an award should be submitted.

4. SAME—ACTS OF A RECORDING AGENT.

A general local recording agent, with authority to issue and deliver policies of insurance and to collect premiums, has no authority, by virtue of such agency, to waive proofs of loss.

5. SAME—WAIVER OF PROOFS.

Where a local recording agent, with authority to issue policies of insurance and deliver them, and to collect premiums, and whose business it was to notify his company of any fire which might occur within his territory, advised his company that such a fire had occurred, and the company advised such agent that an adjuster would give the matter attention as soon as he could do so consistently with other duties, and the local agent so notified the assured, and within a few days thereafter stated to the assured that an adjuster would be there on a day named, and for the assured to get his appraiser ready, held, that such agent had no authority to waive proofs of loss, and, further, that the above facts did not constitute a waiver of proofs.

## At Law.

This was an action brought by the plaintiff against the defendant upon a policy of insurance, New York standard form, the petition being in the usual form. The defendant, for answer, pleaded (1) a general denial; (2) prematurity of action under the Iowa statute; (3) that there was an appraisement entered into under the terms of the policy, and no award had been made at the time the suit was commenced, and that said award was a condition precedent to bringing suit; (4) that no proofs of loss had been served. The plaintiff pleaded a waiver of proofs.

The evidence showed that the fire occurred on the 4th day of October, 1892; that on the same day the local recording agent of the defendant, who was present, notified the defendant of the fire, and the defendant advised said agent, within two or three days, that an appraiser would be sent to look after the matter, as soon as he could get there consistently with other duties, which fact was communicated to the assured. About the 14th of October the local agent informed the assured that the adjusters would be at the place of the fire on the 20th of October, and for the assured to get his appraiser ready for appraisement. There was also a policy of insurance upon the same property in another company, and another adjuster representing such other company; and on the 20th of October the adjusters for both companies arrived, and the parties entered into a joint agreement to submit the extent of the loss to two appraisers. The agreement provided that the two appraisers should, together with a third person to be appointed by them, if found necessary to decide upon matters of difference only, appraise and estimate the cash value of the damages by fire. This agreement was duly executed, and two appraisers were chosen, and qualified on said day, and entered upon their duties as such appraisers. They continued in consultation two days, and were unable to agree upon the extent of the loss, and separated with the understanding that they were to meet in Kansas City. The appraiser chosen by the assured was not well, and no meeting occurred in Kansas City. About the middle of January the appraiser for the insurance company called upon the appraiser for the plaintiff, and they each submitted names, one to the other, of persons alleged to be suitable to act as umpire. The appraisers then separated with the understanding and agreement that they would each consider and investigate the competency, etc., of the persons named for umpire. On the 16th of January, 1893, and while matters were in the condition named, suit was commenced by the plaintiff. After the evidence of the plaintiff, showing the above facts, was concluded, the defendant moved the court to direct the jury to return a verdict for the defendant upon the following grounds: (1) That the action was premature, under the statutes of Iowa, which provide that no suit shall be begun within 90 days after proofs of loss shall have been furnished; (2) that, under the terms and conditions of the policy, an appraisement and an award is a condition precedent to the right to maintain action; (3) that the parties having voluntarily entered into an agreement to appraise the damages caused by the fire, and the appraisers having been chosen and qualified, and having entered upon their duties as such appraisers, and while they were engaged in the performance of their duties as such appraisers, and before an award was entered, and without any fault upon the part of the defendant, suit was brought by the plaintiff, and that therefore this suit could not be maintained; (4) that no proofs of loss were furnished the defendant, as required by the statutes of Iowa and the conditions of the policy.

D. N. Sprague and A. H. Stutsman, for plaintiff.
McVey & Cheshire, for defendant.

WOOLSON, District Judge, (orally.) An examination of the policy in suit shows that, in the event of a disagreement as to the amount of the loss, the same shall be ascertained by two competent and disinterested appraisers, the assured and the company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss. The policy further provides that no suit or action on the policy for the recovery of any claim shall be sustainable in any court of law or equity until after a full compliance by the assured with all the foregoing requirements, etc. The agreement executed herein for submission to appraisers and the evidence show that two appraisers were chosen, who entered upon

their duties, but that they did not first choose a third person to act as umpire, and that the agreement expressly provides that a third person shall be chosen by these appraisers only if necessary to decide upon matters of difference. The appraisers, being unable to agree as to the amount of the damages, thereafter attempted to choose a third person as umpire. There has been no evidence submitted to the jury of any disagreement as to the amount of the loss taking place prior to the appointment of the appraisers; and it appears from the evidence that an umpire was not first chosen; neither was there any attempt, at first, to choose an umpire. The agreement for submission does not, therefore, follow the terms and conditions of the policy; and while the supreme court of the United States has held, in the case of Hamilton v. Insurance Co., 136 U. S. 242, 10 Sup. Ct. 945, that an appraisement and an award is a condition precedent to maintaining an action where the policy so provides, yet in this case, as the terms and conditions of the policy were not followed, I am of the opinion that this agreement for submission, under the terms and conditions under the facts proven, do not constitute a condition precedent to the bringing of this suit. This was held, also, in the case of Adams v. Insurance Co., (Iowa,) reported in 51 N. W. 1149.

As to whether the fact that the parties had entered into a contract of appraisement and chosen appraisers (which appraisers entered upon their duties as such, and, at the time suit was brought, were endeavoring to agree upon an umpire) would prevent a suit from being maintained, I do not here decide. It is conceded by counsel for plaintiffs that such a condition of affairs, if properly pleaded, would authorize the court to suspend the suit, and order the appraisement to proceed; but as to whether it would be an actual bar or not it is not necessary here to decide.

It appears from the undisputed evidence in this case that the local recording agent of the defendant resided at the place of the fire, and was present at the time of the fire, on the 4th of October, 1892, and that on the same day he notified the general managers of the defendant in Chicago of the occurrence of the fire, and soon after, within two or three days, the managers advised the agent that an adjuster would be sent to give the matter attention as soon as he could do so consistently with other duties, which message was delivered to the assured orally. About the 14th of October the local agent of the defendant informed the plaintiff that the adjuster would be there on the 20th, and for him to get his appraiser ready for appraisement. On the 20th of the month the adjuster came upon the ground, and, in connection with an adjuster of another company who had issued a policy upon the property destroyed, entered into an appraisement agreement with the assured, and appraisers were appointed, who entered upon their duties as such on the 20th day of October. It is insisted by the plaintiff that these acts constituted a waiver of proofs of loss on the 14th of October, and, if the proofs of loss were in fact waived on the 14th of October, then this action is not prematurely brought. The statutes of Iowa

provide (section 1734, McClain's Code) that no action shall be begun within 90 days after proofs of loss have been furnished. If proofs of loss are waived at a given date, the 90 days would begin to run from the date of the waiver of proofs of loss. In this case less than 90 days had elapsed between the 20th of October and the 16th of January, 1893, when the suit was brought. I am of the opinion that the acts of the local agent, whose powers were general, within the scope of his authority, did not constitute a waiver of proofs of loss, and that the facts do not constitute a waiver of proofs prior to the 20th of October, 1892. The case of Wilhelim v. Insurance Co., (Iowa,) reported in 53 N. W. 233, is a strong case in point. In that case the record shows that the loss was verbally reported to the general officers of the company, who caused immediate examination to be made of the premises, and made request for duplicate bills of invoice, but this was held not to constitute a waiver of proofs. The case of Von Genechtin v. Insurance Co., reported in 75 Iowa, 544, 39 N. W. 881, is also a case in point. There the local agent who issued policies promised the assured that his loss would be paid, and repeatedly so assured him. This action by the local agent was held, however, not to constitute a waiver of proofs of loss. The following cases decided by the supreme court of Iowa clearly establish the doctrine that an action brought within 90 days after proofs of loss have been furnished is premature, and that courts are without jurisdiction of an action thus prematurely brought. Quinn v. Insurance Co., 71 Iowa, 615, 33 N. W. 130; Von Genechtin v. Insurance Co., 75 Iowa, 544, 39 N. W. 881; Christie v. Investment Co., 82 Iowa, 360, 48 N. W. 94; Wilhelim v. Insurance Co., (Iowa,) 53 N. W. 233; Woodruff v. Insurance Co., (Iowa; Jan. Term, 1894,) 57 N. W. 592; Vore v. Insurance Co., 76 Iowa, 548, 41 N. W. 309; Taylor v. Insurance Co., 83 Iowa, 402, 49 N. W. 994; Moore v. Insurance Co., 72 Iowa, 414, 34 N. W. 183.

It is insisted that the case of Harris v. Insurance Co., (Iowa,) reported in 52 N. W. 128, is in point, and that under that authority there was a waiver of proofs of loss. In that case, however, a general adjuster of the company, with full authority, visited the home of the assured, and in substance promised the assured's wife to pay the loss. No case has been cited where a waiver has been based upon a set of facts similar to those presented in the case at bar. On all the facts, I am therefore of the opinion that this case is prematurely brought, and the jury are instructed to return a verdict for the defendant.