ESTHER H. PARSONS v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellant.

**Divorce and Marriage:** PRESUMPTIONS. On the issue whether a claimant under a policy is legally a beneficiary of a life policy as the legal wife of the insured, it will be presumed that he obtained a divorce from a first wife before he married claimant. (In this case the evidence showed divorce as much as first and second marriage.—REPORTER.)

**Pleading:** ADMISSIONS. Matter in reply, by way of confession and avoidance, does not dispense with proof of allegations of the answer which stand denied by operation of law. Whether such proof would be made by using the reply in evidence, is left undecided.

**Proof of Loss:** *Waiver.* The attorney for the beneficiary under a policy in a mutual benefit association wrote to the insurer, informing it of the death of the insured, and asking what was needed by way of proofs. The insurer replied that the insured had been suspended for nonpayment of dues, and that, if the attorney "understood the laws of Iowa governing this class of insurance, you [he] would undoubtedly hesitate to have taken any action in the case without further evidence." *Held* a waiver of proofs of death, but one not available because not pleaded.

PLEA AND PROOF. McClain's Code 1888, section 1734, providing that the assured shall give the company or association notice in writing of the loss, accompanied by an affidavit stating the facts as to how the loss occurred, applies to mutual benefit associations; and hence; where the giving of due notice is pleaded, and denied by the answer, plaintiff must prove, not only the giving of notice but also the making of the affidavit.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

THURSDAY, APRIL 6, 1899.

ACTION at law on a certificate of membership in the defendant company.  Defendant admitted the issuance of the certificate, and that plaintiff is the beneficiary named therein, but denied all other allegations of the petition.  It further pleaded that plaintiff was not the legal wife of the assured, and that the insured falsely and fraundulently represented that she was his wife, whereas in truth he had another wife living, from whom he had not been divorced. Plaintiff replied that she was married to the assured in April of the year 1893, and that she had no knowledge that he was then married to another.  She further pleaded that some months after her marriage she learned that Frank H. Parsons, the assured, had another wife living, but that she had been divorced some two years prior to Parsons' death.  She further pleaded that when she became beneficiary in the policy she was the *bona fide* wife of Parsons, and was a legal member of his family.  Some other matters, in addition to a general denial, were pleaded, which need not be more particularly noticed.  The trial court directed a verdict for plaintiff, and defendant appeals. —*Reversed.*

*J. D. & C. Nichols* for appellant.

*Mullan & Picket* and *D. E. & G. T. Lyon* for appellee.

DEEMER, J.—I.  On the fifteenth day of October, 1892, the defendant, a mutual benefit association, issued a certificate of membership to Frank H. Parsons, in which Ada H. Parsons, who then bore the relationship to him of wife, was named as beneficiary.  Thereafter, and on the thirteenth day of December, 1893, the assured directed and requested the defendant to change the beneficiary, and in this direction

said: "And now authorize and direct such payment to be made to Mrs. Esther H. Parsons, bearing relation to myself of wife." Thereupon, and on the twenty-eighth day of the last-mentioned month, the company issued a new certificate to Parsons, in which the benficiary was named as "Esther H. Parsons, his wife." At the time these certificates were issued, the law (Acts Twenty-first General Assembly, chapter 65, section 7) provided that no certificate should be issued to any person unless the beneficiary thereunder should be the husband, wife, relative, legal representative, heir, or legatee of the insured. The constitution of the association also provided that no certificate should be issued or made payable to any person not a member of the family or heir of the assured, and that, when a change of beneficiary was desired, the beneficiary under the new certificate must be a legal member of the family, or an heir at law of the member. Defendant contends that the evidence tended to show that the marriage between the assured and Esther H. Parsons was null and void because of prior marriage of the assured. As the allegations of the answer pleading prior marriage were denied by operation of law, the burden was on defendant to show that plaintiff was not the wife of the assured. The confession and avoidance contained in the reply did not obviate the necessity of such proof. Code, section 3577; *Day v. Insurance Co.* 75 Iowa, 694; *Nichols v. Railroad Co.* 94 Iowa, 202; *Schulte v. Coulthurst,* 94 Iowa, 418. To prove the prior marriage, defendant introduced the direction first made by the assured to pay the amount to which he might be entitled to Ada H. Parsons, whom he described as his wife; a letter of the assured, in which he said there had been a mistake in his original certificate, and that it should read payable to Esther H., instead of Ada H.; letters in which he stated that Esther H. Parsons was his lawful wife, and that Mrs. Esther H. Parsons had only been his wife since December 2, 1893; and a statement made by him to an agent of the association, some

time before the second certificate was issued, to the effect that he had procured a divorce from Ada Parsons in Chicago. The only other evidence bearing on the question is that of plaintiff, in which she says she was not related to the assured in any other way than wife. We have already seen that the admissions in the reply cannot be considered. Whether or not they might have had probative force had they been introduced in evidence, we have no occasion to determine. Conceding, then, for the purpose of this case, that statements, oral and written, made by the assured prior to the time of the issuance of the certificate in question, are admissible in evidence, and that proof of a void marriage would defeat plaintiff's right of recovery, we find that the same kind of evidence adduced to sustain these propositions establishes the fact that the assured was divorced from his first wife prior to the time he received the second certificate of membership, and that he was married to plaintiff some time in December of the year 1893. The law also raises a presumption in favor of innocence, and that there was no legal impediment to the contracting of the second marriage. *Blanchard v. Lambert,* 43 Iowa, 228, and cases cited; *Leach v. Hall,* 95 Iowa, 611. The case is not like one in which the former wife is making a claim to her husband's property, as were *Gilman v. Sheets,* 78 Iowa, 499; *Ellis v. Ellis,* 58 Iowa, 720; and *Barnes v. Barnes,* 90 Iowa, 282. The trial court was right in holding that the invalidity of the second marriage was not established.

II. The petition alleges that due notice of death of the deceased was presented to the proper officers of the defendant. This is denied in the answer. To sustain the allegation, the plaintiff introduced a letter written by her attorney to the grand recorder of the defendant at Waterloo, Iowa, in which the association was informed of Parsons death, and asked what was needed by way of proofs. To this the recorder responded by saying that Parsons had been suspended for nonpayment of dues and other delin-

quencies, and further stating that, if the attorney "understood the laws of Iowa governing this class of insurance, you (he) would undoubtedly hesitate to have taken any action in the case without further evidence." Undoubtedly, this amounted to a waiver of proofs of death. *Gratlan v. Insurance Co.,* 80 N. Y. 281; *Shaw v. Insurance Co.,* 69 N. Y. 286; *Bloom v. Insurance Co.* 94 Iowa, 359; *George Dee & Sons Co. v. Key City Fire Ins. Co.,* 104 Iowa, 167, and cases cited. But, as a waiver was not pleaded, it cannot be relied upon. *McCoy v. Insurance Co.,* 107 Iowa, 80; *Heusinkveld v. Insurance Co.,* 96 Iowa, 224; *Heusinkveld v. Insurance Co.* 95 Iowa, 504; *Eiseman v. Insurance Co.,* 74 Iowa, 11; *Zinck v. Insurance Co.,* 60 Iowa, 266; *Welsh v. Insurance Co.,* 71 Iowa, 337. The statute (McClain's Code 1888, section 1734) provides that the assured shall give the "company or association notice in writing of such loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they were within his knowledge." This section applies to mutual benefit associations as well as to fire and life insurance companies. *Cook v. Association,* 74 Iowa, 746; *Christie v. Investment Co.* 82 Iowa, 360. And the statutory notice includes an affidavit showing the facts regarding the death. *Von Genechtin v. Insurance Co.* 75 Iowa, 546; *Wilhelmi v. Insurance Co.* 86 Iowa, 326. So that an allegation that due notice was given necessarily implies that proofs of death were furnished. And, in face of a denial, proof of the giving of the statutory notice is required. As there was no such evidence, the court erred in directing a verdict for plaintiff. The case of *Welsh v. Insurance Co., supra,* is quite in point on this last proposition. For the error pointed out, the judgment of the district court is REVERSED.