JOHN SALMON, Appellee, v. FARM PROPERTY MUTUAL INSUR-
ANCE ASSOCIATION OF IOWA, Appellant.

**INSURANCE: Re-formation of Policy—Negligence Precluding Relief.**

1  On an application for the re-formation of a fire insurance policy,
the negligence of the, insured is a proper matter for considera-
tion.

> PRINCIPLE APPLIED: The insured's real name was Herman
> Salmon. He had always been known and gone by the name of
> John Salmon. The application was made out and signed in the
> name of John Simons by the soliciting agent for the company.
> The location of the property was not properly described. It was
> intended to cover insured's property in a particular location.
> The insured never saw the application, never signed it, and did
> not attempt to describe the location of the property. Policy was
> issued, delivered to the insured and put away without reading
> until the day after loss. *Held*, not sufficient negligence to pre-
> clude re-formation.

**INSURANCE:    Cancellation of Policy—Statute Superseding By-Law.**

2  The cancellation of a mutual fire assessment insurance policy can
only be effected by "giving five days' written notice" of can-
cellation, as provided by Sec. 1759-m, Sup. Code, 1913. The pro-
visions of a by-law providing that the association "is not liable
on any policy when assessments are more than 60 days overdue,"
does not effect a cancellation.

**INSURANCE:    Premature Action—Abatement—Statutes Applicable.**

3  An action is premature and abatable when brought within 40 days
after service of the notice of loss and proof thereof, under a
mutual policy of insurance issued under Ch. 5, Tit. 9, Sup. Code,
1913, Sec. 1744 of said supplement being applicable to such a
policy.

**INSURANCE:    Statutory Time for Bringing Action—Waiver.    That**

4  40 days shall elapse after the service of notice of loss and proof
thereof before action may be brought on losses under fire in-
surance policies is a command of the statute. (Sec. 1744, Sup.
Code, 1913.)    This statutory command is not waived by a denial
by the company of liability.

*Appeal from Fremont District Court.*—HON. A. B. THORNELL,
Judge.

FRIDAY, JANUARY 22, 1915.

ACTION in equity to re-form a policy of fire insurance and to recover a loss suffered by plaintiff. Trial to the court. Decree and judgment for plaintiff, and defendant appeals.— *Reversed.*

*George Wambach* and *Hickman & Chantry,* for appellant.

*William Bammer,* and *R. C. Campbell,* for appellee.

DEEMER, C. J.—I. Defendant issued a policy of insurance for $400.00 on certain household furniture and family stores in Fremont County, Iowa, to one John Simons, of Hamburg, Iowa. The application purports to have been made on June 28th and it was accepted by the officers of the company and a policy was issued July 1, 1912. The application was in fact made out and signed in the name of John Simons by one Rogers, defendant's soliciting agent, at the town of Hamburg. The policy when issued was delivered to plaintiff by Rogers, and plaintiff, without reading it, put it away for safe keeping where it remained until after the insured property was destroyed by fire.

Plaintiff's real name is Herman Salmon, but he has always been known as and gone by the name of John Salmon. The application was written and the insurance effected with plaintiff's implied assent and was intended to cover his property upon a certain lot in the town of Hamburg, but it was issued on its face to John Simons, and the property upon which the insured property was kept was not described as being in the town of Hamburg. Plaintiff paid the advance premium of $1.50 on the policy when it was delivered to him, and claims that he never heard of any assessments on his policy (the defendant being an assessment company) until shortly before this suit was commenced. He discovered that the policy was written in the name of John Simons the day after the fire, and his wife, or someone for him, wrote the company the following letter:

"Hamburg, Iowa, Feb. 12, 1913.

"C. V. Stanley,

"Dear Sir,—I will notify you about our house burnt Monday morning 10 Feb. 1913. Please come as soon as possible. I would like to get fixt up as soon as possible. No. 10499.

"John Simons."

He claims that it was signed as it appears by direction of Rogers, the agent. The defendant made the following response to this letter:

"Des Moines, Iowa, Feb. 12, 1913.

"Mr. John Simons,

"Hamburg, Iowa.

"Dear Sir: Replying to your favor of the 12th, beg to say that we have looked up our records and they show that the 1912 assessment, levied October 1st, has not been paid, and that the Company is not liable for a loss occurring sixty days after this levy, unless the assessment is sooner paid.

"We trust you will find we are correct.

"Yours truly,

"Forrest Huttenlocher, Pres."

Thereafter one of plaintiff's attorneys wrote the defendant a letter, to which its attorney made the following response:

"Des Moines, Iowa, Feb. 18, 1913.

"Mr. William Bammer, Attorney,

"Hamburg, Iowa.

Dear Sir:—

As attorney for the Farm Property Mutual Insurance Association of Iowa, I am writing you in response to a letter you wrote them regarding some fire loss sustained by John Simons. Would say that your client evidently did not inform you that he failed to pay the assessment for last year, and that he was delinquent at the time the fire occurred; by reason of which, his policy became void. If you will take the pains to ask him, he will, no doubt, inform you that he did not

pay his last year's assessment, and on further examination of the by-laws, you will find that there can be no liability under a policy where the member is delinquent at the time the loss occurs. I am simply writing you this so you may be advised of the true condition of things.

Yours truly,

Geo. Wambach."

The fire occurred on February 10, 1913, and this action was commenced on February 26th of the same year.

The suit was brought in equity for the purpose of re-forming the policy so as to make the plaintiff, John Salmon, the insured instead of John Simons, and to locate the property insured upon lots seven and eight, in Block 107, in the city of Hamburg, Iowa, instead of the same lots and block in Fremont County, Iowa.

1. INSURANCE: re-formation of policy: negligence precluding relief.

It is manifest from the facts above recited that the policy should be so reformed in equity as to express the intent of both plaintiff and defendant's soliciting agent, who wrote the application and delivered the policy, unless it be that plaintiff was so negligent in not reading his policy as to deprive him of the relief prayed. The only negligence relied upon is failure to read the policy, and the copy of the application which was made a part thereof. Plaintiff never saw the original application, nor did he sign it, and he had a right to rely upon the agent's truthfully stating the facts when he assumed to do whatever was necessary to secure the policy. Again when the policy was delivered to the plaintiff he had a right to assume that he was the assured named in the policy, and that the property was correctly described, unless there was something in the circumstances surrounding the transaction calculated to arrest his attention.

We do not find such negligence on his part as to deny him relief in equity. Had plaintiff himself signed the application or done anything to mislead the agent, doubtless a different

result would be indicated; but he did neither, nor did he attempt to describe the location of the property. Negligence in such circumstances is a question of fact, and we are constrained to hold that plaintiff was not so careless as to deprive himself of relief in equity.

II. An assessment was made by defendant company on its policy holders about October 1, 1912, and the amount of plaintiff's assessment was sixty cents. As the same was not paid when due, an addition of twenty-five cents was made thereto on November 1st, and another like penalty on December 1st (all according to defendant's by-laws), making the aggregate $1.10. Defendant claims to have addressed and sent by mail to John Simons, at Hamburg, Iowa, two notices of the assessment—one about October 1st, and another about November 1st, each being sent in an open-faced envelope, each having a return card printed thereon; and that neither of these letters was returned to it.

2. INSURANCE: cancellation of policy: statute supersed- ing by-law.

It also appears that defendant sent a registered letter early in December, 1912, notifying Simons of the assessment, addressed to him at Hamburg, Iowa, and that this was returned to it bearing the following endorsement: "Refused. Returned to writer." This was received at Des Moines December 7, 1912. Plaintiff denied having received or refused any of these letters, and it appears that the November one was delivered to one Arthur A. Simon, but he took it back to the post office and he (plaintiff) specifically denied that he ever saw or refused to receive the December letter. That letter, so far as material, was as follows:

"Des Moines, Iowa, December 2, 1912.

"Dear Sir:—

"At this date your assessment for 1912, due October 1st, has not been received at this office. It is now sixty days past due and we must insist upon immediate payment of the amount as given in the coupon below. You may have been

so busy that you have neglected to remit but you should never allow your insurance to remain unpaid, as losses occur when least expected, and the Association is not liable for loss occurring when dues are in arrears.

"We wish to be as lenient with you as possible, and will waive payment of the penalty added December 1st,. (as per by-laws) if you remit on or before December 12th, 1912. Send the amount due at once and save yourself the extra cost of delay.

"This notice is sent you by registered mail, which is a legal notice. Make remittance by draft or postal or express money order. Bills or coin are sent at your risk.

"Third Notice, December 2, 1912.

   Jno. Simons,
    Hamburg,
     Iowa.

If mailed Before Dec. 12, 1912, send    $ .85
If paid After Dec. 12, 1912, send     1.10
Return this coupon with your remittance sure.

"In case you cannot attend our next annual meeting in person, you may wish to appoint someone to represent you. In the form given below, you may write the name of your choice, date same and sign it, and enclose with your remittance.

"I hereby appoint . . . . . . . . . . . . . . as my proxy to represent me at the Annual Meeting of members of Farm Property Mutual Insurance Association of Iowa, to be held on the Third Wednesday of January, 1913, and to cast my vote upon all questions that may come before such meeting.

Dated this . . . . . . . . day of . . . . . . . . . . . . . . 191 . . .
Policy No . . . . . . . . (Sign here) . . . . . . . . . . . . . . . ."

Defendant's by-laws, among other things, provided that:

"Nor shall this Association be liable for any loss under any policy on which the assessment is delinquent more than sixty days from date of notice of the assessment. And no action shall be brought nor shall any suit be maintained at

law or in equity in any court upon any policy in this Association for loss or damage unless brought within one year from the time of the loss.''

This by-law is pleaded as a defense to the action, and it is contended that this defense is conclusively established by the facts above recited. The defendant is a mutual assessment company, organized under Title Nine of Chapter 5 of the Code and amendments thereto (Sec. 1759-a et seq. of the Code Supplement), and Sec. 1759-m provides that:

''Any policy of insurance issued by any association operating under the provisions of this chapter may be cancelled by the association giving five (5) days' written notice thereof to the insured, or if the insured shall demand in writing or in person, of the association, the cancellation of his policy, the association shall immediately advise him, by letter to address named, the amount, if any, due, as his pro rata share of losses and expenses incurred since date of his policy. Upon surrender of his policy and payment of all sums due, his membership shall cease, provided, that during the months of June, July and August, hail insurance policies may be cancelled only at the option of the officers of the association carrying the risk. Upon the expiration or cancellation of any policy of insurance issued under the provisions of this act, all obligations to the association having been paid, the members shall be entitled to and shall be paid by the association a sum equal to at least seventy-five per cent (75%) of the unexpended portion of the amount contributed by him to the reinsurance reserve.'' 32 G. A., Ch. 80, Sec. 13.

To forfeit such a policy as the one in suit, for non-payment of assessments, notice must be given of the assessment, and if not paid within five days, the policy would be forfeited. This notice may doubtless be given by registered letter. We may assume, for the purposes of the case, that the registered letter was properly directed to Simons, and that, although he did not receive it, yet he should be held bound by what it

contained on account of the way in which his name appeared in the policy, and yet it does not follow that the policy has been cancelled or that such a notice as the statute requires was given. The assessment was treated as valid and collectible, and no statement was made that the policy would be forfeited for nonpayment. It was treated as in full force, and plaintiff, or Simons, was considered a member, invited to attend the annual meeting or to send a proxy. This does not meet the requirements of the statute, and the policy was never legally forfeited. The by-laws of the Association do not control as against a statute, and the case in this respect is ruled by *Beeman v. Ins. Co.*, 104 Iowa 83; *Bradford v. Ins. Co.*, 112 Iowa 495, although both were decided before the change in the statute already noticed.

III. The final point made is that the action was prematurely brought in that the forty days' time allowed by Sec. 1744 of the Code was not observed, the suit having been commenced within sixteen days of the fire. Plain-

3. INSURANCE: premature action: abatement: statutes applicable.

tiff contends that the section relied upon is not applicable to such companies as the defendant, it having been organized, as already stated, under the provisions of the Code Supplement authorizing the formation of mutual fire assessment associations. It is true that the chapter and title of the Code under which defendant was organized, it being Secs. 1759 to 1759-o of the Code Supplement of 1913, makes no provision as to proofs of loss, and contains no limitations as to the time of bringing suit, and this chapter was enacted after the provisions of the Code upon which appellant relies. But we have heretofore disregarded chapter numbers of the Code, and felt ourselves bound to construe the entire insurance Code as a whole. *Corson v. Iowa Assn.*, 115 Iowa 485; *Stork v. Supreme Lodge*, 113 Iowa 724, and cases cited. See apparently to the contrary, *Brinsmaid v. Iowa Assn.*, 152 Iowa 134.

Some doubt was expressed in *Bradford v. Ins. Co.*, 112 Iowa 495, regarding the applicability of Sec. 1744 to com-

panies organized as this defendant was, under prior statutes relating to mutual assessment companies, by reason of the changes made in the Code of 1897; but no definite pronouncement was made upon the proposition. Whatever of doubt there may have been seems to have been removed by amendments to that Code, passed by the 27th and 29th General Assemblies.

The 27th G. A. passed an act known as Chapter 44, which amended Sec. 1744 of the Code of 1897 by inserting the words "seventeen hundred and forty-two hereof," making the section read as it appears in the Code Supplement of 1913, as follows:

"The notice of loss and proof thereof required in section seventeen hundred forty-two hereof, and the notice and proof of loss under oath in case of insurance on personal property, shall be given within sixty days from the time loss occurred, and no action for such loss shall be begun within forty days after such notice and proofs have been given to the company, nor shall the time within which action shall be brought be limited to less than one year from the time when a cause of action for the loss accrues. No provisions of any policy or contract to the contrary shall affect the provisions of this and the three preceding sections."

The 29th G. A. passed an act known as Chapter 73, which is now Sec. 1742-a of the Code Supplement of 1913, reading as follows:

"In furnishing proofs of loss under any contract of insurance for damages or loss of personal property it shall only be necessary for the assured, within sixty days from the time the loss occurs, to give notice in writing to the company issuing such contract of insurance accompanied by an affidavit, stating the facts as to how the loss occurred, so far as same are within his knowledge, and the extent of the loss, any agreement or contract to the contrary notwithstanding."

The title to the first act was "To amend Sec. 1744 of the Code relating to proofs of loss under contracts of insurance," and the title to the last was, "An act relating to notice and proofs of personal property insured. [Amendatory of Chapter 4, of Title 9 of the Code, relating to insurance other than life.]"

The latter section of the Code Supplement by its express terms relates to proofs of loss *under any contract of insurance* for loss of personal property, and 1744 relates to insurance of personal property, and if these sections are not applicable to mutual fire assessment insurance associations, then there are no provisions on the subject anywhere. In such circumstances this court has held in analogous cases that the general insurance law is applicable to mutual benefit societies, especially with reference to applications for insurance. See the Stork and Corson cases, *supra. Christie v. Indemnity Co.*, 82 Iowa 360; *Parsons v. A. O. U. W.*, 108 Iowa 6.

There is every reason why these sections should be held applicable to mutual companies organized under title 9, Chapter 5, as well as those organized under chapter 4 of the same title, and following the cases already cited, we think they should be so held.

Brinsmaid's case, *supra,* does not decide the point and the suggestion made in that case as to Sec. 1742 of the Code not applying to all contracts and policies of insurance has now been met by the adoption of what is known as Sec. 1742-a, Code Supplement, which expressly relates to any (or all) contracts of insurance covering personal property. To now hold that all the law relating to mutual fire assessment insurance associations is to be found in Chapter 5 of title 9 of the Code would introduce a great deal of confusion and uncertainty as to the rights, duties and responsibilities of the parties in case of loss, and leave such associations free from any provisions whatever as to applications for membership or insurance, to notice and proofs of loss, to valuation of property, and to the time within which suits should be brought, to say nothing of

other provisions of the general insurance code which by their terms are made applicable to all insurance contracts.

For the reasons pointed out, we think this suit was prematurely brought, and that the trial court was in error in not sustaining defendant's plea in abatement.

Defendant's denial of liability did not waive the provisions of the statute. *Blood v. Ins. Co.*, 103 Iowa 728; *Vore v. Hawkeye Ins. Co.*, 76 Iowa 548; *Quinn v. Ins. Co.*, 71 Iowa 615.

4. INSURANCE: statutory time for bringing action: waiver.

The decree must therefore be, and it is—

*Reversed.*

LADD, GAYNOR and SALINGER, JJ., concur.