## O'LAUGHLIN v. UNION CENTRAL LIFE INS. Co.*

*(Circuit Court, E. D. Missouri.  March 29, 1882.)*

1. INSURANCE—LIMITATION OF TIME WITHIN WHICH SUIT MAY BE BROUGHT.

   A condition in a life policy that no suit shall be brought upon it unless brought within one year after the assured's death, is valid.

2. SAME.

   A suit cannot be maintained upon a policy containing such a condition unless instituted within the time specified.

3. SAME—PLEADING.

   Where suit is not instituted within the time specified, the condition need not be specially pleaded as a defence. It is sufficient to deny that the conditions of the policy have been complied with.

4. SAME—INFANCY.

   The fact that the beneficiaries named in the policy are minors will not prevent the enforcement of such a condition.

   *Riddlesbarger* v. *Hartford Ins. Co.* 7 Wall. 386.

This is a suit by the guardian of Eugene and Mary Anne Byrnes, minors, on a policy of insurance upon the life of their mother, for their benefit.

The petition states that the mother died on the tenth of January, 1875, and alleges a full compliance with the conditions of the policy by the assured and the plaintiff. The answer denies that the assured and plaintiff fully complied with the conditions and requirements of the policy sued on, and alleges that the policy is void because of certain misrepresentations made by the assured to the defendant's agent when she applied for insurance on her life.

The case was tried before a jury.

The plaintiff introduced the policy sued on, in evidence. It contained the following condition, upon which it was issued, and accepted by the assured, viz.:

" No suit shall be brought upon this policy unless brought within one year after the death of the person whose life is insured."

The defendant admitted the death of the assured, and a compliance by her and the plaintiff with the conditions of the policy except as to bringing suit within a year after the assured's death. It also admitted that a suit had been brought within the time specified in the policy, and that a nonsuit had been taken therein, and the present suit instituted shortly afterwards, but after the expiration of the year; and that the beneficiaries named in the policy were minors.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

The defendant thereupon introduced evidence tending to show that it was induced to issue the policy by a misrepresentation.

The plaintiff introduced evidence in rebuttal.

The evidence being all in, the defendant asked the court to instruct the jury that under the evidence the plaintiff could not recover. The instruction being refused, other instructions were asked.

The court took time to consider the matter, and on the next day delivered the following opinion, and charged the jury as appears below.

The points made by the defendant sufficiently appear in the opinion of the court.

*Donovan & Conroy*, for plaintiff.

*Harris & Joy*, for defendant.

McCrary, C. J., (*orally*.)   As I intimated yesterday, this is a question to which, on first impression, I should be inclined to apply the rule which it seems one of the courts of Cincinnati adopted, and that is the bringing of a suit upon a policy within the year, and if there be a nonsuit, a renewal of the action without delay, in compliance with the conditions; and if I were to rule according to my first impression, that would be the decision of the question.   But the supreme court of the United States, in the case in 7 Wall., have changed it by unquestionable decisions of the two propositions: *First*, that this condition is a valid one—one which the parties have a right to make and one which the courts must enforce; and, *secondly*, that it requires the particular suit which is being tried, and in which a party seeks to obtain judgment, to have been brought within one year from the time of death.   And that was a case like this, where the party had commenced a suit, and, for some reason or other satisfactory to himself, had suffered a nonsuit and had renewed the suit.   The court held that because the new suit was not brought within one year from the date of the death, it was too late.   We are bound, of course, by that decision, and that is the law which must be administered here.   That leaves nothing to be considered except the other questions which have been suggested, and we are not able to see that there is anything in them that ought to require the court to refuse the instruction which has been asked.   It is said that this defence is not specially pleaded, and cases are cited wherein it is said that the statutory defence of limitation must be specially pleaded.   No doubt that is so; but this is not a plea on the statute of limitations, but a question whether the plaintiff has complied with the contract upon which the suit is brought.   That is a written contract, and contains certain con-

ditions and provisions, and the plaintiff has alleged that they were complied with. The defendant has denied it. That makes the issue upon every one of the provisions. It is necessary that the plaintiff should show by preponderance of testimony that the conditions have been complied with. So that we are unable to say, because there is not a special defence that this particular provision was not complied with, that therefore the defendant cannot avail itself of that defence.

It is said that because the beneficiaries here are minors that therefore the condition cannot be enforced. I have been unable to find any authority in support of that proposition, and it seems the counsel has not instanced any. A guardian can bring the suit, and is bound to bring it under the contract and according to the contract. It is not a suit that cannot be brought. It is not a suit that the parties, by reason of their disability, cannot bring; but it is a suit which the guardian can bring, and is bound to bring, I think, in accordance with the terms of the contract. If I could see my way clear to rule otherwise, I confess I should be glad to do it, because I have not much sympathy with this sort of defence in a suit of this kind; but the law being as it is, I think the instruction will have to be given.

Judge McCrary then charged the jury as follows:

The jury are instructed that one of the conditions of the policy here sued on is that no suit shall be brought on this policy unless brought within one year after the death of the person whose life is insured, and it devolves on the plaintiff to show that the suit was brought within one year after the time when Mary Kate Byrnes died, and unless they have so shown then they cannot recover in this action.

Whereupon the plaintiff took a nonsuit.