## HARRISON v. HARTFORD FIRE INS. CO.

### (Circuit Court, S. D. Iowa, E. D. December 4, 1894.)

### No. 271.

1. INSURANCE—ACTION ON POLICY—CONTRACTUAL LIMITATION.

McClain's Code Iowa, § 3742, providing that where plaintiff fails in an action for a reason other than negligence a new action commenced within six months shall be deemed a continuation of the first for the purposes contemplated by the act, has no application to an action on an insurance policy which by its terms provides that no action shall be maintained thereon unless brought within twelve months of the date of loss, and an action brought after that time is barred, though filed within six months after termination of a former action, in which plaintiff failed, because such action had been prematurely brought.

2. FEDERAL COURTS—FOLLOWING STATE DECISIONS.

As McClain's Code Iowa, § 3742, providing that, where plaintiff fails in an action for a reason other than negligence, a new action, commenced within six months, shall be deemed a continuation of the first for the purpose of excepting it from the operation of the statute of limitations, has no application to an action on an insurance policy which by its terms provides that no action shall be maintained thereon after the expiration of twelve months from date of loss, the federal courts, in an action on such policy, are not bound by the construction given such statute in the state courts.

Action by George D. Harrison against the Hartford Fire Insurance Company on a policy. Defendant demurred.

The petition filed herein May 29, 1894, alleges the following facts, material to the question presented by the demurrer: Plaintiff, on June 18, 1890, insured his dwelling house, situated in Louisa county, Iowa, and certain personal property therein, and also his carriage house and barn, in the defendant insurance company, for a term of five years. On October 4, 1892, the buildings insured, together with a large part of the personal property, were destroyed by fire. On January 16, 1893, plaintiff commenced in the district court of Louisa county, Iowa, an action against defendant to recover the loss and damages suffered by him from said fire. Defendant appeared in said action, and removed the same to this court. As one of its defenses, defendant therein alleged that said action had been prematurely commenced, —that is, brought before the expiration of the 90 days from waiver of proofs of loss; and, on trial of said action, the court directed the jury to return a verdict for the defendant, for the said reason that the action had been prematurely brought, and the court did not have jurisdiction to hear and try the same; and on January 20, 1894, the jury rendered such verdict, and judgment was entered against plaintiff accordingly, but without any trial or adjudication of the action on its merits. Plaintiff now brings this suit as a continuation of his said suit, brought, as aforesaid, on January 16, 1893, to recover for his loss by said fire. The policy sued on is attached to said petition as an exhibit. One clause therein reads as follows: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after the fire." Defendant has filed a demurrer to petition, alleging that no right of action exists, nor can this suit be now maintained, because the same was not "commenced within twelve months next after the fire."

D. N. Sprague and A. H. Stutsman, for plaintiff.
McVey & Cheshire, for defendant.

WOOLSON, District Judge. Can the present action be maintained, under the clause in the policy generally known as the limita-

tion clause or condition? This is the only question to be decided on this hearing. The clause is valid and upheld by the courts. O'Laughlin v. Insurance Co., 3 McCrary, 543, 11 Fed. 280; Insurance Co. v. Stanchfield, 1 Dill. 424, Fed. Cas. No. 6,660; Riddlesbarger v. Insurance Co., 7 Wall. 386. The fire occurred October 4, 1892. The petition herein was filed on May 29, 1894. If this clause be literally and strictly applied to these dates, manifestly this action is barred, and cannot be maintained. On the argument, as in the petition, this is substantially confessed by counsel for plaintiff; and there, as here, the attempt is made to avoid the force of this conclusion by reference to a former action instituted on the policy in suit. Such former action was pending in this court. Upon January 20, 1894, in an action brought on this policy, and wherein the present plaintiff sought to recover thereon from the defendant company for the loss herein complained of, this court directed a verdict for the defendant. 59 Fed. 732. The court found, from the uncontradicted evidence submitted therein, that plaintiff, contrary to the terms of the Iowa statute (section 1734, McClain's Iowa Code), had begun his action within 90 days after proofs of loss had been waived by defendant. No proofs of loss had been furnished. The action thus determined by direction of the court, solely because of its having been prematurely brought, was begun January 16, 1893.

Section 3742, McClain's Iowa Code, is as follows:

"If, after the commencement of an action, the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

Plaintiff's contention is that this section entitles the maintenance of the present action, notwithstanding the contract limitation clause. The reasoning is that the said former suit failed, but not for negligence in its prosecution; that the present is a new suit, brought within six months after the failure of the former action; and that this suit is therefore a continuation of the first action; consequently, it is, in contemplation of law, begun within the 12-months period named in the policy. To what extent, if at all, does this section apply to the pending action?

The supreme court of the United States had occasion to consider a statute of the state of Missouri which tended in the same general direction, viz. granting the exceptional right, notwithstanding the general statutes of limitation of that state, to maintain an action which but for this exception would have been barred. This Missouri statute allowed a party who "suffers a nonsuit" in an action to bring a new action for the same cause, within one year afterwards. In Riddlesbarger v. Insurance Co., 7 Wall. 396, the policy contained a clause which required suit to be brought, if at all, within 12 months from loss. The supreme court, in considering the question of the applicability of this statute, last stated, to the contract clause in the policy therein in suit, declare:

"The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

The subsequent language of the opinion just quoted is, perhaps, yet stronger. Having called attention to the fact that the Missouri statute was applicable only to cases of involuntary nonsuit, the court declare, as to the limitation clause in the contract or policy:

"The action mentioned, which must be commenced within twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any source cannot alter the case. The contract declares that an action shall not be sustained unless such action—not some previous action—shall be commenced within the period designated."

In O'Laughlin v. Insurance Co., 3 McCrary, 543, 11 Fed. 280, Circuit Judge McCrary, in an action involving the same statute, applies and follows the Riddlesbarger Case, the policy involved containing a like contract-limitation clause. When the circuit judge of this circuit thus closely follows and applies the ruling of the supreme court, there would seem little opportunity for our dissent. Yet, using the language of Judge McCrary in the case just cited, "I have not much sympathy with this sort of a defense in a suit of this kind;" and especially under the circumstances disclosed herein by the allegations of the petition. The former action was decided adversely to plaintiff because brought too soon; and we are now asked to decide this action against plaintiff, because, as claimed, it is brought too late. There appears no evidence of laches on part of plaintiff in bringing this suit. But, as said by the learned circuit judge in the O'Laughlin Case, supra, the Riddlesbarger Case furnishes "the law which must be administered here," unless its force can be broken by showing that it is not here applicable. If the language of the Missouri and Iowa statutes on this point were identical, the case would be here closed.

But plaintiff calls special attention to the fact that the Iowa statute is peculiarly dissimilar in phraseology, in that it declares that the "new suit," if brought within six months from the failure of the former action, is to be "deemed a continuation of the first"; and the contention, therefore, is that the argument in the Riddlesbarger and O'Laughlin Cases does not apply, because in the case at bar, the "action commenced," to wit, "the one which is to be prosecuted to judgment," was commenced within the 12 months of the limitation clause; therefore, per force of the statute, it is the continuation of the suit actually commenced within such 12 months; and thus the contract clause is met. But it may well be asked, if the new suit is thus to be regarded as having been commenced at the time of the original suit, do we not face the same difficulty which presented itself in the old suit? 59 Fed. 732. Does not this argument and application bring us, of necessity, to fix the commencement of this action as within the 90 days after waiver of proofs of loss, and therefore as violating the statute which prohibits the action from being commenced within such 90 days? If, for purpose of fixing the commencement within the 12-months contract limitation clause, the new suit is a continuation of the old suit, and was thus commenced within the pendency of that suit, how can we escape the conclusion that its commencement must be the commencement of the old suit? And must not the doctrine which,—applied to the old suit compelled judgment

against plaintiff—be applied here, with no less disastrous effect on plaintiff's present action?

Looking at the Iowa section (section 3742, McClain's Code), with a view to determine from its own terms its proper application, we are impressed with its phraseology, and the intent apparent therefrom, as to such application. The section is found in that chapter of the Code which is entitled and which treats of "Limitations of Actions." The general provisions of the statute of limitations is in the opening section of the chapter. Following this appear the sections which are exceptions to this general statute, and among these exceptions appears section 3742. Now, the very phraseology of the section apparently limits the continuation, which it establishes as a proposition of statutory law, to "the purposes herein contemplated." What purposes are herein contemplated? Manifestly, the intent of the legislature in enacting the section was to ingraft on the general statute of limitations an exception whose terms should save from the destruction provided by the general statute a cause of action which failed from other reasons than negligence in its prosecution. Do not the words "the purposes herein contemplated" restrict the "continuation of the first" action to that of such continuation, as regards the general statute of limitations, so that, if the first action was timely, this continuation shall also be timely? And is not this application of the section the only one reasonable under the circumstances? If this be the correct construction, we are ready to determine what application the section has to the case at bar,—to the policy in suit; and adopting the language of the supreme court, as voiced by Justice Field in the Biddlesbarger Case, supra, and as also adopted by Circuit Judge McCrary in the O'Laughlin Case, supra:

"The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

Our attention is called to the case of Jacobs v. Insurance Co., 53 N. W. 101, decided by the supreme court of Iowa. Jacobs brought suit at law to recover loss from fire. On the trial it was discovered that the policy misdescribed the premises, and recovery on the policy as it then stood could not be had. Immediately, and by leave of court, he filed a substitute petition, in equity, asking reformation of the policy. Decree of reformation was duly entered. Thereupon he began a new suit, also in equity, against the company, but on the policy as reformed by the decree. The new suit was not begun "within one year from the date of loss," as required by the limitation contract in the policy. This is set up as a defense. With reference to such defense the court say:

"There was an action commenced on the policy within the year. In consequence of a mistake in the policy, discovered during the pendency of that suit, the character of the action was changed, and a reformation of the contract was sought and obtained. [Here the court quote section 3742 McClain's Iowa Code.] The discovery of the mistake and the change in the character of the action caused a failure to obtain judgment in the suit on the policy. We think the provision of the policy and the section of the statute must be construed together. Thus construed, there is little doubt that,

unless there was negligence in the prosecution of the first suit, this one is not barred."

Later on in the opinion appears the following:

"The law, however, does contemplate that in cases where suit is brought the plaintiff may fail therein without negligence, and then another suit shall be deemed a continuation of the first; and this, we think, is such a case."

I have thus quoted at length, and all of the opinion which attempts to deal in any wise with the point above considered as to the applicability of section 3742, McClain's Iowa Code, to policies such as in case at bar. It may be here remarked that the result obtained was unquestionably correct, viz. the sustaining of the right of Jacobs to maintain his action for recovery on the reformed policy. That would be a singular court of equity, indeed, which would so uphold, construe, and enforce the limitation clause in the policy as to forbid the insured to bring and maintain suit on the reformed policy, when no laches are shown, and the mistake in the policy as to description of premises was mutual, and not discovered by either party until during the trial in the first action. Perhaps the fact that the result reached was so eminently just and beyond question equitable may account for the apparently brief and limited consideration given to this point in the decision. There seems to have been no spirited contest by counsel, as there was no extended discussion in the opinion filed, and the point is not shown to have received any specially close examination by the court. The Riddlesbarger and O'Laughlin Cases apparently were not brought by counsel to the attention of the court, nor the reasoning therein considered by the court. It would seem probable that if the question shall hereafter be fully presented, and the court brought to re-examine the point anew, such court will adopt the view of the federal courts as above presented in the extracts quoted, and hold that the contract clause is to be substituted, not only for the general statute of limitations, but as well for the exceptions thereto.

If we accept the Jacobs Case, as stated in the opinion cited, as giving the construction of section 3742 which is to obtain in the supreme court of Iowa with reference to actions on policies containing limitation clauses as in policy in suit, there is manifest a decided difference in the holdings on this point between the federal and state courts. Which construction is binding on this court? There can be no contention but that in causes founded on state statutes this court is bound to accept and enforce the construction put thereon by the supreme court of the state. This is a general proposition; while in matters of general law, in the construction and application of general principles, of matters not dependent on nor to be governed by state statute, the courts of the United States are not bound by the decisions of the state courts; and this though the federal courts strive to make their decision in harmony with the decisions of the courts of the state wherein they sit. As was well said in Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, when considering the question of construction of commercial law and like matters:

"Even in such cases, for the sake of harmony, and to avoid confusion, the federal courts will lean towards an agreement of views with the state courts, if the question seems to them balanced with doubt."

The decision in the Jacobs Case, supra, was made subsequently to these cases decided by the supreme court and circuit court of the United States to which we have at length above referred. If the decision to be herein reached is to be based on the state statute, this court must follow this (later) decision of the state court. Such is the generally established doctrine of the federal courts. But, if the federal decisions above cited are of binding authority on this court, then the point now under consideration is easily settled. These cases are decided on the construction therein given to the limitation clause of the policy. They are based on general principles. And it is therein expressly declared:

"The rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also."

And hence it becomes immaterial in this action what construction is to obtain as to the state statute in question. This action is relieved from the operation of that statute. The rights of the parties, flowing, as they do, "from the contract," must be determined without reference to the statute.

According to the statements contained in the petition herein, this action was not "commenced within twelve months next after the fire," as required by the limitation clause of the policy. It is not therefore sustainable, under the contract the parties themselves have made with reference thereto; and, as a necessary result, the demurrer to petition must be sustained. Let an order be entered accordingly, with exceptions thereto saved to plaintiff; and plaintiff is given until January 1, 1895, to amend if he be so advised, or to stand on his petition if he so elect.