## SUPPLEMENT.

[This case did not reach me in time to be published in its chronological order.—REPORTER].

J. P. BLOOD v. THE HAWKEYE INSURANCE COMPANY, Appellant.

**Insurance:** ACTIONS ON POLICIES: *When premature.* Acts Eighteenth General Assembly, chapter 211, section 3, provide that, to maintain an action on an insurance policy, the assured need only prove the loss and notice in writing to the company within sixty days, accompanied by an affidavit as to how the loss occurred and its extent, but that no ac ion shall be begun within ninety days after giving such notice. *Held*, that the requirement of the statute as to the time within which an action may be brought cannot be waived, and an action in less than ninety days after notice of loss not accompanied by an affidavit, or after a waiver of such notice and affidavit, was premature. Following *Wilhelmi v. Insurance Co.*, 86 Iowa, 326.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, FEBRUARY 1, 1897.

ACTION on a policy of fire insurance. Judgment for plaintiff, and the defendants appealed.—*Reversed.*

*J. B. Johnson* for appellant.

*Marks & Mould* and *J. P. Blood & Co.* for appellee.

GRANGER, J.—The cause was submitted to the court without a jury. At the close of the evidence the defendant moved the court for judgment in its favor, for the reason, among others, that the action was prematurely

brought, because it was less than ninety days after the "affidavit and proofs of loss" required by the statute were served on defendant. The petition shows that the loss occurred on the twenty-second day of September, 1894, and that proofs of loss were prepared and agreed upon October 20, 1894. The action was commenced December 27, 1894. A part of section 3, chapter 211, Acts Eighteenth General Assembly, is as follows: "In order to maintain his action on the policy it shall only be necessary for the assured to prove the loss of building insured, and that he has given the company or association notice in writing 'of such loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they are within his knowledge, and the extent of the loss, which notice shall be given within sixty days from the time the loss occurred: provided, further, that no action shall be begun within ninety days after notice of such has been given." On the twenty-fourth of September a letter was written to the company, which the company answered, stating that the matter would have its attention. This letter is construed by appellee as a notice. It was not accompanied by any affidavit, as required by the act above quoted. This letter, or notice, somewhat elaborately stated the facts, and it may be conceded that it did so as fully as would be required in an affidavit under the statute.

It is claimed by appellee that because of its letter to the company notifying it of the loss, and the answer by the company, and because plaintiff gave to the company, at its request, about October 20, 1894, an affidavit stating the facts as to how the loss occurred, and because of a compliance by plaintiff with the terms of the policy as to adjustments, notice and proofs of loss, and his observance of other requirements of the policy, defendant waived the provisions of the law above

quoted as to the time in which such actions may be brought. It is held in *Von Genechtin v. Insurance Co.*, 75 Iowa, 544, that the notice required by the statute includes the affidavit. See, also, *Wilhelmi v. Insurance Co.*, 86 Iowa, 326. Under the express language of the last-cited case the notice in this case, without the affidavit, is not the notice required by the statute. As to the waiver of the provisions of the statute it is said, in the same case: "Whatever may be the rule as to the power of the company to waive formal notice and proof of loss, as required by the statute, the question of their right to waive the provisions of the statute, prohibiting the commencement of an action prior to the expiration of 90 days after notice and proofs of loss are given, must be regarded as settled."

Appellee contends, and the contention is supported by the facts in this case, that the affidavit to accompany the notice, and the proofs of loss, as contemplated by the policy, are not the same. The requirements of the statute as to the affidavit are not as comprehensive as those of the policy as to the proofs of loss. The statute, as to the affidavit simply requires that it shall show the facts as to how the loss occurred, so far as the assured knows, and the extent of the loss, while, by the terms of the policy, the proofs of loss must contain specific items of information not essential to a compliance with the statute as to the affidavit. We leave it as an open question whether proofs of loss, other than such as are required by the affidavit, under the statute, can be required by the terms of a policy. There is some confusion in the cases, arising from the use of the terms "affidavit" and "proofs of loss," by not at all times having in view the distinctions between the requirements of the law and of policies, and speaking of the affidavit as proof of loss, which, in a sense, it is, but distinguishable from proofs of loss as generally required by policies.

It is appellee's thought that the requirement in the policy as to the proofs of loss being complied with by him, with other facts as to notice, agreeing to the amount of the loss, etc., operates to waive the requirements of the law as to the time in which the suit may be brought. The *Wilhelmi Case, supra,* is decisive of the question as to time, and the ninety days must run. If the notice, accompanied by the affidavit, is given, the time commences to run from that date. If the company may waive the notice and affidavit, which questions we do not decide, then some other fact must fix the commencement of the ninety days, and such question is in no way argued by counsel. If we assume it to be from the date of the waiver, which would seem to be the reasonable one, we think there is no evidence in the case from which the fact of a waiver can be found. The facts pleaded as a waiver occurred from September 25 to October 20, 1894, and the petition was filed December 24, 1894; so that, in no event could there have been the period of ninety days before the commencement of the action. We do not know that appellee could question this proposition. His argument is directed, in something of a general way, to a waiver of a "strict compliance with the law," and we understand the claim to be that the ninety days' period may be waived. As we have said, that question is settled by the *Wilhelmi Case.*

The action is prematurely brought, and there should be a judgment for defendant.—REVERSED.