A. J. McClure v. Great Western Accident Association, Appellant.

**Accident insurance:** NOTICE AND PROOF: SPECIAL FINDING: INCONSISTENCY. Notice and proof of injury, that an insured was on a railroad track when struck by a train and injured, are not inconsistent with a special finding that he was crossing a track on a public highway and entitled to recover the full amount of his indemnity, although the policy provided a smaller indemnity for injuries received while on the roadbed of a railroad, except while crossing at a public highway.

Same: PROOF OF INJURY: WAIVER. Where the answer in a suit on an accident policy admits the waiver of any further proof of injury, no additional proof can be insisted upon however inadequate that made may be.

Same: INJURY WHILE UPON RAILROAD TRACK: BURDEN OF PROOF. Where an accident policy provides for less indemnity in case of injury while on the roadbed of a railroad, except when crossing at a public highway, the burden is on the insurer to show that the accident occurred at a place not in a public highway, and this burden is not shifted by a simple showing that the accident occurred upon a railroad track, thus requiring insured to show that it happened at a highway crossing; and the burden is on the insurer to show that the accident was the result of voluntary or· unnecessary exposure to danger.

Same: LIMITATION OF RIGHT OF ACTION: GROUNDS OF RECOVERY: AMENDMENT: PLEA IN BAR. Although an accident policy provides that no action shall be maintained unless brought within six months after termination of disability or after the injury assumes a permanent character, still the petition in an action brought more than six months after the injury, on the theory that it was of a permanent character, may be amended so as to claim recovery for a temporary injury; and proof that insured is gradually improving and likely to recover will support a finding that the injury had not assumed a permanent character, and thus a plea of the ·contract in bar of the action will be avoided.

Admissions: PLEADINGS AS EVIDENCE OF. Pleadings which have been superseded may be offered in evidence for the purpose of establishing admissions of the party, but such evidence is not conclusive and when explained may go to the jury for what it is worth.

Depositions: WAIVER OF OBJECTION. A party who acquiesces in the offer of a deposition in evidence waives any objection there might have been to the custody, preservation and notice of filing the same.

Accident insurance: WEEKLY BENEFITS: COMPUTATION. Where the by-laws of an accident association provided that weekly benefits should not mature until a stated time after the filing of satisfactory proofs, and it admitted waiver of such proofs, liability for the benefits· should be computed from the date of waiver.

*Appeal from Lucas District Court.*—Hon. Frank W. Eichelberger, Judge.

Tuesday, November 17, 1908.

Rehearing Denied Saturday, February 20, 1909.

Action on accident insurance policy resulted in judgment as prayed. The defendant appeals.—*Affirmed* on condition.

*Bailey & Stipp* and *Dungan & Aten,* for appellant.

*W. W. Bullman* and *Jno. A. McKenzie,* for appellee.

Ladd, C. J.—The insured had gone to the post office to mail a letter, but, upon ascertaining that the mail had been sent to the train, proceeded past the Bates House to the railway, where he took a well-beaten path between the main tracks to go to the depot. After having gone a short distance, he noticed a freight train coming down the east track, and also a cloud of steam and smoke. His testimony was to the effect that he remembered having a purpose of getting out of the way of these, and then all was blank. Mrs. Shelton testified that she saw him "just behind the caboose of a freight train passing on the east track and ahead of a passenger coming the opposite direction" on the west track; that she "saw him again just as he was crossing the last rail west," and then on the ground after the collision; that he was thirty or forty feet behind the caboose, and was crossing the tracks "at the public crossing that crosses the tracks . . . where the public highway crosses the railway." Her testimony was not adduced on the former trial, and the only issue determined in this court was that the place of the injury was on the roadbed. 133 Iowa, 224. Upon remand a sub-

stituted petition was filed in which recovery for weekly benefits was demanded, and, on the evidence then introduced, the jury found in answer to a special interrogatory and necessarily by the verdict that plaintiff was crossing on a highway when injured. The defendant's policy provided for an indemnity of $15 per week to be paid plaintiff, not exceeding two hundred weeks, in event of injuries resulting from accident "immediately, continuously, and wholly disabling the injured from performing any and every kind of duty pertaining to his occupation." Should the injury be received because of "unnecessary or voluntary exposure to obvious danger" or "while on the roadbed or bridge of any railway company, except while crossing at a public highway [except railway employees while in the regular discharge of ordinary duties], then the weekly benefits shall be one-fifth of the amount provided in this contract and for a total period not exceeding ten weeks."

Appellant says that the contention that he was crossing at a highway was inconsistent with the notice of the accident and proofs of loss furnished the association. In the notice it was said that he was injured

1. Accident insurance: notice and proof: special finding: inconsistency.

when walking on the railroad track, and was struck in the back by an engine. But it conclusively appears that plaintiff had nothing to do in writing or sending this notice. In the proofs of loss it is stated that he was on the railroad track and was struck by a train of cars. Neither this nor the notice is necessarily inconsistent with the finding that he was crossing the highway at the time. Nor is there anything in the original petition inconsistent therewith. Indeed, there is no dispute but that he was walking on the roadbed when struck by the engine. The controversy is as to whether he was then crossing the roadbed in a highway, and enough has been said to indicate that the verdict so finding is supported by the evidence. It was conceded that plaintiff received the injuries while

on the roadbed, and this was all the notice of the accident and proofs of loss furnished the defendant asserted. The same is true of the original petition, and the contention that these are inconsistent with the above answer to the special interrogatory is without foundation.

Nor is there any basis for the argument that there was no waiver of the proofs of loss for the answer definitely admits "that defendant waived any further or additional notice or proof of said injury or loss." Possibly plaintiff's attitude on the last trial may have been somewhat inconsistent with the alleged making of such proofs, but this does not obviate the force of the admission, for, no matter how inadequate those given, the answer concedes the waiver of anything additional which might have been required.

2. SAME: proof of injury: waiver.

II. The policy and by-laws provide that, if the accidental injuries were "received while on the roadbed or bridge of any railroad company, except while crossing at a public highway," the indemnity should be for one-fifth of the amount stipulated in the contract and for one-twentieth of the time, and the court in the fourth instruction told the jury that the burden of proof was on defendant to show that plaintiff was on the roadbed, and not on a highway crossing. Appellant insists that, though the burden of proof was on defendant to show that the accident occurred on the roadbed of a railway, when this appeared, such burden shifted to plaintiff, and rested on him to prove that it happened while crossing a public highway. In other words, defendant having proved the exception, plaintiff must establish the exception to the exception. The trouble with this contention is that the last supposed exception is but a limitation on the first, and the defendant is only relieved from the larger liability when the accident occurs on the roadbed elsewhere than in crossing over a highway. Indeed, several courts have held that

3. SAME: injury while upon railroad track: burden of proof.

this limitation is implied, even though no mention is made of the insured crossing the track where travelers have the right to be. Thus, if he necessarily crosses to take a train or reach a station, this is not within the exception; *DeLoy v. Travelers' Ins. Co.,* 171 Pa. 1 (32 Atl. 1108, 50 Am. St. Rep. 787); *Duncan v. Preferred Mut. Acc. Ass'n,* 59 N. Y. Super. Ct. 145 (13 N. Y. Supp. 620; Id., 129 N. Y. 622, 29 N. E. 1029), or if he is carefully crossing the track on a well-recognized thoroughfare to and from the station; *Payne v. Fraternal Acc. Ass'n,* 119 Iowa, 342. See, also, *Dougherty v. Pacific Mut. Life Ins. Co.,* 154 Pa. 385 (25 Atl. 739). The object of the exception is not to guard against injury from a defective roadbed, but against dangers incident to the operation of trains thereon. The condition is no more than an assurance or warranty that he will not intrude upon that part of the roadbed which is not also a part of the highway or public thoroughfare, and only upon a showing that he has done so, and in so doing the injury was received, does the exception apply. Manifestly, then, the instruction was correct, as was also another placing the burden of proof on defendant to show that the injury was received because of voluntary or unnecessary exposure to danger. *Payne v. Ass'n, supra.*

III. The policy provides that no suit shall be maintained upon it "unless commenced . . . within six months next after the disability for which claim is made either terminates or assumes a ' fixed and permanent character." The court instructed the jury that the action must be regarded as having been commenced at the time the substituted petition was filed, August 17, 1907, and that, if this was more than six months after the injury had assumed a fixed and permanent character, the verdict should be for defendant, but, if six months had not elapsed since it had assumed such character, if it

4. SAME: limitation of right of action: grounds of recovery: amendment: plea in bar.

had so become, then the finding should be for plaintiff on this issue. The record leaves no doubt but that the disability was thought for a long time to have been of a permanent character, but both plaintiff and his wife testified that he was gradually improving in health, and a physician, after an examination, expressed the opinion that in time he would recover. This certainly justified the jury in finding that the injury had not assumed a fixed and permanent character. Quite naturally appellant criticises this change in the attitude of plaintiff as made to meet emergencies; but the suggestion was for the consideration of the jury only, to be accorded such weight as might seem proper.

It is also urged that the substituted petition asserted the permanent character of the injuries. If so, this was withdrawn by a subsequent amendment thereto, distinctly averring that his disability was not permanent and that he was gradually recovering.

It is said, however, that notwithstanding this the former allegation stood as a solemn admission in the case, and in support of this *Mulligan v. Railway,* 36 Iowa, 181, is relied on. In so far as so holding, that decision has been overruled. *Marshall Field Co. v. Oren Ruffcorn Co.,* 117 Iowa, 157; *Longley v. McVey,* 109 Iowa, 666; *Burns v. Railway Co.,* 110 Iowa, 385; *Leach v. Hill,* 97 Iowa, 81; *Shipley v. Reasoner,* 87 Iowa, 555. Pleadings when superseded by others, may be introduced in evidence, but only as showing admissions of the adverse party, and, as these have been solemnly made, are often entitled to much weight. They are not conclusive, however, and, when explained or contradicted, go to the jury for only what they are worth. The finding against the plea in bar is supported by the evidence.

IV. The trial began September 7, 1907, and on the afternoon of that day the deposition of M. E. Shelton was

5. Admissions: pleadings as evidence of.

read in evidence down to the seventh interrogatory. An

6. Depositions: waiver of objection.

objection being interposed, the farther reading was suspended, and two days later the answer and remaining interrogatories and answers were read to the jury without objection. On the next day, and after a motion to direct a verdict for defendant had been overruled, it moved that the deposition of Mrs. Shelton be suppressed and withdrawn from the jury on several grounds, among others that although filed September 4, 1907, no written notice thereof had been served on defendant or its attorneys, that it was withdrawn from the files without leave of court or consent of defendant and by them retained until offered in evidence and that certain changes and interlineations appear therein which are unexplained. The motion was overruled, and rightly so. Even if it be conceded that sections 4707 and 4711 of the Code 'had not been observed, this was waived by allowing the reading of the deposition to the jury without objection. No reason for not interposing timely objections appears, and the court did not abuse its discretion in not entertaining a motion to suppress after argument to the jury had begun. A party can not acquiesce in the introduction of evidence, and then predicate error on a refusal thereafter to withdraw it.

V. The substituted petition was filed August 17, 1907, and this was treated by the court in the instructions as the beginning of the action for weekly indemnity. Un-

7. Accident insurance: weekly benefits: computation.

der the by-laws the obligations to pay weekly benefits did not mature until ninety days after satisfactory proofs were filed. The answer admits waiver of such proofs, and so the period must be computed from the date of such waiver. *Blood v. Hawkeye Ins. Co.,* 103 Iowa, 728; *Quinn v. Capital Ins. Co.,* 71 Iowa, 615. As ninety days must have elapsed prior to the beginning of the action in order to mature the obligation to pay the weekly install-

ment immediately prior thereto, recovery may only be had on that and previous installments or for one hundred and fifty weeks at $15 per week, instead of one hundred and sixty-four weeks as allowed under the instructions of the court. To this should be added interest at the rate of 6 percent per annum on each weekly installment from its maturity to the time of the trial, and the total amount will be the verdict which should have been returned. Upon the filing of a remittitur of the excess over such amount, the judgment will be affirmed; otherwise reversed. —*Affirmed* on condition.