ELSA F. WARD, Appellee, v. INTERSTATE BUSINESS MEN'S AC-
CIDENT ASSOCIATION, Appellant.

INSURANCE: Negative Conditions Precedent. A policy which
1   provides (1) for a general stated indemnity in case of death
from accident, but (2) for a reduced indemnity in case the
death results from a particular kind of accident *unless speci-
fied exculpating circumstances attend such latter accident*, im-
poses the obligation on the insurer, in order to escape by pay-
ment of such reduced indemnity, to allege and prove that the
specified exculpating circumstances did not exist.

PRINCIPLE APPLIED: A policy provided for a general in-
demnity of $5,000 in case of accidental death. It also provided
for $1,000 only, in case death resulted (1) from the overturning
of an automobile, or (2) from the insured's being thrown from
an automobile, *unless* the automobile (a) was struck by a train,
or (b) by another automobile, without fault of the driver of
the automobile in which the insured was riding. The proofs of
loss simply showed that death resulted from the overturning of
an automobile, and that there were no eyewitnesses. *Held*:
(1) that the proofs were sufficient for a $5,000 recovery; and
(2) that the insurer must plead that the automobile was *not*
struck by a train, and was *not* struck by another automobile.

WORDS AND PHRASES: ''Unless.'' "Unless" is often employed
2   as equivalent to "except."

EVIDENCE: Negative Conditions. He who so draws his contract
3   as to assume both a general liability and a special but lesser lia-
bility dependent on a negative condition precedent, has the
burden, in order to escape with the lesser liability, to prove that
the exempting conditions did not exist.

PRINCIPLE APPLIED: See No. 1.

*Appeal from Black Hawk District Court.*—H. B. BOIES,
Judge.

NOVEMBER 23, 1918.

REHEARING DENIED MARCH 12, 1919.

*Dunshee, Haines & Brody* and *Pickett, Swisher & Farwell,* for appellant.

*J. D. Liffring* and *Edwards, Longley, Ransier & Smith,* for appellees.

ACTION on an accident insurance policy. A demurrer to the answer was sustained, and, defendant having elected to stand on the ruling, judgment was entered accordingly. Defendant appeals.—*Affirmed.*

LADD, J.—The defendant is a mutual assessment accident association, and, on January 31, 1916, issued a certificate of membership to G. L. Ward, whose death on April 10, 1917, resulted from bodily injury, effected, solely and independently of all other causes or conditions concurring, contributing, or intervening, through external, violent, and accidental means. Proofs of death were furnished, but the association refused to pay the $5,000 indemnity claimed. Its liability for $5,000 was denied in its answer, which alleged that, in the proofs of death furnished by plaintiff, she made oath that "her deceased husband came to his death by the overturning of the automobile;" that he "was instantly killed, by reason of being caught under and crushed by said automobile as it turned over;" and that there was no witness to the accident or injury; and it alleged the facts to be as shown. It set out that portion of "Part C" of the certificate stipulating that "the compensation payable for loss resulting from the overturning of any automobile or from the member being thrown from any automobile shall not exceed $1,000, and that the payment of such sum shall discharge the association from all further liability, unless the accident shall be caused by the automobile being struck by a railway train or engine, or by an interurban or street car, or by another automobile, without any fault upon the part of the driver of the automobile in which the member was rid-

1. INSURANCE: negative conditions precedent.

ing," and alleged that, by virtue thereof, and under the proofs of death filed, its liability to the plaintiff on account of the death of her said husband was limited to the payment of $1,000, and that she "had wholly failed to furnish any proof or evidence showing or tending to show that the overturning of the automobile causing the injury from which her husband was killed was due to the said automobile being struck by a train or engine, or by an interurban or street car, or by another automobile, and that, by reason of said facts the plaintiff has only presented a claim against it under her proofs for the sum of $1,000," and that said amount had been tendered and refused.

To this answer the plaintiff demurred, on the ground, in substance, that the facts pleaded therein did not constitute a defense, for that the burden was on defendant to plead any defense or partial defense it might have, and that the provisions of "Part C" quoted, constituting a limitation upon the amount of liability or a partial exemption therefrom, are defensive matters, and necessarily to be pleaded affirmatively. In other words, the limitation of the amount of indemnity to $1,000 is not consequent on death "resulting from the overturning of any automobile" or "being thrown from any automobile," as pleaded in the answer; but, to invoke such limitation or exemption, it must appear, and hence be pleaded by way of defense (this being omitted from the answer) that death was not caused by the automobile's "being struck by a railway train or engine, or by an interburban or street car, or by another automobile, without any fault on the part of the driver of the automobile in which" the insured was riding. The demurrer was sustained, and the controversy is with reference to whether the portion omitted from the answer should have been pleaded, to constitute a good defense. Counsel for appellant concede that what was pleaded, i. e., that the insured was killed by the overturning of the automobile,

must have been set up in the answer, to be available as a defense, and such is the voice of authority with respect to exceptions or limitations on the indemnity stipulated. *McClure v. Great Western Acc. Assn.,* 141 Iowa 350.

In construing the clause quoted from "Part C" of the certificate, much depends on the meaning to be accorded the word "unless." The word, "unless," used in the act, is thus defined by Webster: "Upon any less condition than (the fact or thing stated in the sentence or clause which follows) ; if not; supposing that not; if it be not; were it not that." The Century Dictionary defines the word as meaning: "If it be not that; if it be not the case that," etc. These definitions clearly indicate, as was said by Douglas, J., in *City of Hickory v. Southern R. Co.,* 137 N. C. 189 (49 S. E. 202), "a negative condition precedent, as much so as the condition in a mortgage that, 'unless' the money is paid, or 'if it be not' paid by a certain day, the land may be sold." This was said in construing a charter to a railway company, awarding it the right of way on which constructed, "unless the owner or owners shall apply for an assessment of the value of said lands as hereinbefore directed, within two years next after that part of said road has been located."

2. WORDS AND PHRASES: "unless."

In *Ramsdill v. Wentworth,* 106 Mass. 320, a statute providing that, when a testator omits to provide for any of his children, they shall take a share, unless otherwise provided for, or unless it appears that the omission was intentional, was held to imply that the burden of proof is upon those who would make such intention appear. In *Manning v. Keenan,* 73 N. Y. 45, a section of the code of that state provides for the service of an affidavit of title to property in the possession of the sheriff on that official, and that thereupon, the officer would not be bound to retain the property, unless he should, on demand, be indemnified.

In commenting thereon, the court, speaking through Folger, J., observed that:

"The word *unless* has the force of *except;* its primary meaning is 'unloosened from,' so what follows in the sentence after the word *unless* is excepted or unloosened from what went before it; and, though the officer is primarily bound by his process to keep the property, or to make delivery to the plaintiff, the service of affidavit of claim suspends that obligation and he is no longer bound so to do, unless indemnity is given, when he is again bound; and as no claim by a third person was, without the section, valid against an officer who had obeyed strictly his process, so none should after that section be valid, unless made as it provided, and if so made, then it should be valid. For such a form of expression in a statute sometimes amounts to an affirmative enactment, and in fact *in proprio vigore,* con fers all that is excepted from a negative or restrictive provision." See *In re Estate of Pearsons,* 110 Cal. 524 (42 Pac. 960) ; *Alexander v. People,* 7 Colo. 155 (2 Pac. 894) ; *In re Estate of Smith,* 131 Cal. 433 (82 Am. St. 358).

As seen, the word is often employed as equivalent to "except." That meaning could well have been intended; for, manifestly, the clause following was intended as a limitation on or description of what preceded. The reduction on the amount of indemnity was to be upon the loss' being caused by the overturning of the automobile, or being thrown therefrom, if not caused by a collision, such as described. In other words, the language following the word "unless" is in the nature of a limitation, attached to what preceded. The definitions of the lexicographers lend support to this construction; for if "unless" be defined as meaning "if not," or "if it be not," the clause following is made as a limitation or description of conditions under which the general clause preceding shall apply. The language bears this construction; and, as it must be construed

most strongly against the association, we are inclined to concur with the ruling of the trial court in construing the portion of "Part C" of the certificate as, in its entirety, constituting an exception, rather than saying that what follows the word "unless" is an exception to the exception preceding. This conclusion finds support in *McClure v. Great Western Acc. Assn.*, 141 Iowa 350, where the policy provided that, if accidental injuries were " 'received while on the roadbed or bridge of any railroad company, except while crossing at a public highway,' the indemnity should be for one fifth of the amount stipulated in the contract and for one twentieth of the time;" and the association insisted that, though "the burden of proof was on defendant to show that the accident occurred on the roadbed or the railway, when this appeared, such burden shifted to plaintiff, and rested on him to prove that it happened while crossing a public highway. In other words, defendant having proved the exception, plaintiff must establish the exception to the exception. The trouble with this contention is that the last supposed exception is but a limitation on the first, and the defendant is only relieved from the larger liability when the accident occurs on the roadbed elsewhere than in crossing over a highway. Indeed, several courts have held that this limitation is implied, even though no mention is made of the insured crossing the track where travelers have the right to be." The decision is not put on this last ground, as counsel for appellant seems to think; but the clause following the word "except" was held to be a limitation, and, as we think, that decision rules this case, if the word "unless" were to be treated as equivalent to "except."

The proofs of loss, then, were sufficient in stating the manner of death without negativing the exception as construed; and, of course, sufficient facts must have been

pleaded in the answer to raise the defense
**3. EVIDENCE: negative conditions.** that the beneficiary was entitled to but
$1,000 as indemnity. That the exception
might be difficult of proof furnishes no justification for
changing this rule of pleading, nor can it be said that, un-
der this construction of the clause, defendant was required
to prove a negative. Inasmuch as the defendant failed to
plead entire exception, the court rightly sustained the de-
murrer to the answer, and its ruling in so doing is approved.
—*Affirmed.*

PRESTON, C. J., EVANS and STEVENS, JJ., concur.